COLLS, DEMANDANTE Y APELANTE, *v.* MUNICIPIO DE LARES, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en causa sobre daños y perjuicios por perturbación (*nuisance*), y desaparición de ésta.

No. 1338.—Resuelto en mayo 18, 1916.

PERTURBACIÓN O ESTORBO (NUISANCE)—VIOLACIÓN DE DERECHOS DE PROPIEDAD—MOLESTIAS SIN CULPA.—Para que exista una perturbación (*nuisance*) debe haber una violación de un derecho con arreglo a la ley. Una mera molestia sin culpa no constituye una perturbación (*nuisance*).

DAÑOS Y PERJUICIOS—PERTURBACIÓN O ESTORBO (NUISANCE)—PRESCRIPCIÓN DE UN AÑO.—De acuerdo con los artículos 1869 y 1803 del Código Civil Revisado, prescribe por el transcurso de un año la acción contra un municipio para reclamar daños y perjuicios nacidos de la construcción de una supuesta perturbación (*nuisance*), consistente en una cloaca, muro de contención y terraplén hechos con objeto de levantar el nivel de una calle, en ausencia de prueba alguna de daños y perjuicios que resulten del mantenimiento de dichas obras como un estorbo o perturbación continuada (*continuing nuisance*).

ID.—ACCIONES EX DELICTO.—En general los daños y perjuicios en acciones *ex delicto* son el punto capital de la violación del derecho. Se establecen para reparar un perjuicio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Francisco Acevedo.*

Abogado del apelado: *Sr. José D. Rodríguez.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En el mes de agosto de 1914, el peticionario y apelante estableció una acción contra el municipio de Lares, que es el apelado, sobre resarcimiento de daños y perjuicios y para hacer desaparecer, por constituir una perturbación (*nuisance*), una cloaca, muro de contención y terraplén, construídos en el año 1912, por el municipio apelado, habiéndose construído el muro y terraplén con objeto de levantar el nivel de la calle, en frente de la casa del peticionario.

Los artículos 1869 y 1803 del Código Civil Revisado, en tanto son pertinentes a la cuestión, se expresan como sigue:

''Artículo 1869.—Prescriben por el transcurso de un año:

''1. * * *.

''2. La acción para exigir la responsabilidad civil * * * por las obligaciones derivadas de la culpa o negligencia de que se trata en el artículo 1803 desde que lo supo el agraviado.''

''Artículo 1803.—El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado.''

El primer señalamiento de error es el de que la corte de distrito incurrió en error al declarar, como uno de los fundamentos en que se basó la sentencia definitiva dictada sobre los méritos, que la demanda no aduce hechos suficientes para determinar una causa de acción por aparecer de

su faz que la acción establecida se rige por los artículos del Código Civil que acaban de citarse, y, por tanto, que ha prescrito.

El argumento del apelante toma como punto de partida el artículo 26 de la Ley de Evidencia, el cual es como sigue:

"Artículo 26.—En la interpretación de un estatuto o documento, el ministerio del juez es simplemente averiguar y declarar lo que textualmente y en substancia contiene, no insertar lo que se hubiere omitido, ni omitir lo que se hubiere insertado; y cuando contuviere varias disposiciones o extremos, se adoptará la interpretación que, de ser posible, diere efecto a todos."

Se alega que puesto que el artículo 277 del Código de Enjuiciamiento Civil, que ha sido transcrito literalmente en el caso No. 1348, de *Gierbolini* v. *Sucesión de Rodríguez,* que acaba de fallarse, no habla de culpa al definir lo que constituye una perturbación (*nuisance*), en este caso no está envuelta ninguna cuestión de culpa o ausencia de ésta por parte del municipio demandado.

La alegación como ha sido presentada, presume necesariamente que la Legislatura sin tomar en cuenta en absoluto o prescindiendo deliberadamente de todo precedente y de toda definición anterior y de los elementos de perturbación (*nuisance*) reconocidos universalmente, se resolvió a establecer algo que es enteramente nuevo, a manera de un remedio para cualquier molestia o inconveniente personal sufrido por una persona y ocasionado por otra, haciendo caso omiso de los respectivos derechos de las partes como han sido regulados y prescritos por los más elementales y fundamentales principios de ley y de justicia. Con sólo enunciar la proposición es bastante para refutarla.

"Para que exista una perturbación (*nuisance*) debe haber una violación de un derecho con arreglo a la ley; o como dice el Sr. Cooley, una mera molestia sin culpa no constituye una perturbación (*nuisance*)." Tomo II, Jaggard on Torts, p. 788, § 242, *id.* p. 744, § 232, *et seq.;* Cooley on Torts (2ª edición, p. 670, §§ 565 *et seq.*

La causa de acción del demandante, si alguna tiene, como aparece de la faz de su demanda, surge necesariamente *ex-de-licto*. En general, si no siempre, los daños y perjuicios son el punto capital de la violación del derecho. No es necesario ningún argumento para demostrar la proposición de que una acción por daños y perjuicios es una que se establece para reparar un perjuicio. Y es muy claro que en tanto se trata de la reclamación de daños y perjuicios que resultan de la construcción del muro de contención y terraplén, que es claramente la cuestión fundamental de la presente acción, la acción ha prescrito.

El caso como ha sido presentado elimina prácticamente toda cuestión de responsabilidad por parte del municipio con motivo del alcantarillado o cloaca, y apenas si puede decirse que envuelve ninguna verdadera cuestión para hacer desaparecer un estorbo o de una perturbación constante. Alguna prueba de daños y perjuicios ocasionados por el mantenimiento continuo de la obstrucción, a diferencia del mero hecho de su construcción hubiera sido un requisito previo indispensable para recobrar daños y perjuicios de acuerdo con la teoría que ha sido sugerida últimamente. No se han probado tales daños.

El cuarto señalamiento se funda en que la corte de distrito incurrió en error al declarar probado y alegar como cuarto fundamento de su sentencia que las mejoras fueron hechas por el municipio con el consentimiento expreso del peticionario, apelante en este caso. Sin entrar en detalles, será bastante con decir que la conclusión está ampliamente sostenida por los autos y que, después de un detenido examen de toda la prueba, estamos enteramente de acuerdo con la conclusión a que llegó la corte sentenciadora con respecto a este particular.

Si fuera necesario, agregaríamos que si también el juez sentenciador hubiera declarado que los medios de entrada y salida de la propiedad del peticionario se habían facilitado y mejorado, y hasta el mismo valor de la propiedad

aumentado en vez de perjudicado con la construcción en cuestión, hubiéramos estado asimismo de acuerdo con esta otra conclusión.

En vista de las circunstancias, cualquier discusión acerca de los demás señalamientos sería más que superflua.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey; firmando el Juez Presidente Sr. Hernández "conforme con la sentencia."