Victoria Capella, por sí y como apoderada de su madre Antonia Martínez Vda. de Capella, Antonio Capella, Concepción, Estrella y Raúl García Capella, demandantes, apelados y apelantes, *v.* Francisco Carreras Márquez, Arturo Lluberas Rodríguez y la Sucesión de Rosa Lluberas, Etc., demandados, apelantes y apelados. Los Mismos, demandantes, apelantes y apelados, *v.* Los Mismos, demandados, apelados y apelantes.

Núms. 8002 y 8004.—*Sometidos:* Abril 5, 1940. *Resueltos:* Julio 9, 1940.

*Estrella García Capella* y *C. Coll Cuchí,* abogados de los demandantes, apelados y apelantes; *R. Cuevas Zequeira,* abogado de los demandados, apelantes y apelados.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Este es un pleito sobre perturbación, menoscabo y voluntaria violación del derecho de propiedad con indemnización de daños y perjuicios, resuelto en contra de los demandados. Lo alegado por las partes, la evidencia aportada por la demandante y su alcance, las cuestiones de derecho envueltas y el criterio de esta corte sobre las mismas, constan de la opinión emitida por su Juez Asociado Sr. Córdova Dávila para fundar su sentencia revocando la primeramente dictada por la corte de distrito y devolviendo el caso para ulteriores procedimientos. *Capella* v. *Carreras,* 48 D.P.R. 830.

Ambas partes apelaron de la segunda sentencia por virtud de la cual los demandados fueron condenados a pagar ocho mil dólares por concepto de daños y perjuicios y las costas, gastos y honorarios de abogado. La demandante pidió a la corte que reconsiderara y enmendara la parte dispositiva de su sentencia y la corte se negó a ello por resolución de febrero 24, 1936. Entonces dicha parte apeló del particular de la sentencia que fija en ocho mil dólares los daños y perjuicios por entender que se probó una cuantía mayor y de la resolución de febrero 24, 1936. También pidió reconsideración de la sentencia la demandada y le fué negada por la misma resolución de febrero 24, 1936, y apeló para ante este tribunal. Consideraremos ambas apelaciones en esta sola opinión, comenzando por la interpuesta por los demandados, y las resolveremos por una sola sentencia.

Seis errores señalan en su alegato los demandados como cometidos por la corte sentenciadora, 1, al aplicar al caso,

en definitiva, la doctrina expuesta en 48 D.P.R. 830, sin afirmar la existencia de la calle que se dice obstruída; 2, al desestimar las defensas de cosa juzgada y prescripción; 3, al fijar en ocho mil dólares los daños y perjuicios; 4, al condenar solidariamente a todos los demandados; 5, al imponer a éstos las costas, desembolsos y honorarios de abogado, y 6, al declarar sin lugar la moción de reconsideración.

■■ Examinemos el primer señalamiento de error. Para ello parece conveniente transcribir de la relación de hechos y opinión de la corte sentenciadora, lo que sigue:

"Cuando resolvimos este caso allá para el día 14 de abril de 1932, teníamos en mente que una acción de perturbación no podía ser establecida sino por aquella parte que realmente estuviese en posesión de la cosa perturbada, y tratándose de una calle, creíamos que era el Municipio la única entidad realmente interesada en el libre uso y disfrute de la misma. Asimismo creíamos que no estando la calle atendida por el Municipio, cualquier obstáculo que pusiera un vecino en la misma y que pudiera perturbar el libre goce y disfrute de una propiedad, no daba causa de acción; y así resolvimos con lugar una moción de *nonsuit* alegada por la parte demandada; el Tribunal Supremo revocó nuestra decisión en 48 D.P.R. 830, y en su opinión se resuelve que una vez trazado un plan de urbanización sobre un terreno dividido en solares y calles, los dueños de los solares adquieren el derecho del uso de las calles trazadas y si alguien obstaculiza el uso y disfrute de la propiedad, se establece a su favor una causa de acción, y resuelve asimismo que tales dueños de los solares tienen derecho a utilizar las calles destinadas a uso público, y a exigir que desaparezca cualquier estorbo o perturbación que constituya un menoscbo a su derecho. Dispuso el Tribunal Supremo que el caso fuese devuelto a nosotros para ulteriores procedimientos, y entonces lo señalamos de nuevo, celebrándose la vista el día 1 de noviembre del año en curso.

"Practicó el demandado su prueba documental y testimonial, . . .

"La prueba testimonial del demandado, sustancialmente, es la siguiente: Francisco Carreras se casó en 1922 con doña Rosa Lluberas, y vivió desde esa fecha en Miramar, en la casa que colinda con la de las demandantes; conoce a éstas y sabe que existía una controversia debido a la cerca que había en el patio de la casa; que ya esta cerca existía cuando él se casó, y allí permaneció durante

unos ocho u once años; que dicha cerca no interceptaba la calle, y que su señora quiso una vez comprar a las demandantes la propiedad de éstas, pero no hubo acuerdo en el precio; que según su mejor recuerdo, la cerca existía desde 1916 ó 1917; que había un camino estrecho por donde pasaban las demandantes, que era un camino público.

Etienne Totti es ingeniero; conoce el terreno y conoce la casa de la señora Lluberas; ha estado hace poco en el sitio; no ha visto aceras ni calles asfaltadas, y que podría hacerse una calle en aquel sitio, pero habría que hacer una inversión considerable.

"Julio Montilla es ingeniero del Gobierno de la Capital desde hace más de once años; hace estudios y proyectos para calles; conoce el sitio en donde está radicada la casa de la señora Lluberas; manifiesta que hoy no existe la cerca que antes había, y que no se ha construído calle alguna allí; que hace algún tiempo él fué a hacer un estudio para la calle en proyecto, pero que la cerca que existía le interrumpió el curso de su trabajo.

"La señorita Estrella García Capella, una de las demandantes, declaró que en la actualidad no existe la cerca porque la retiraron en junio de 1935 ó 1934 por orden del señor Arturo Lluberas.

". . . . En cuanto a la documental, el demandado ofreció los autos del pleito Núm. 4306 de este tribunal, seguido en las mismas partes litigantes en el pleito que estamos resolviendo, excepto que en aquél don Arturo Lluberas no figuraba como demandado. . . . ."

Se refiere el juez al resultado de la primera inspección practicada en 1931, describe luego el sitio como se encontraba en 1935 y termina así:

"La situación de hechos que la corte aprecia en este sitio es completamente distinta a la que existía en noviembre 21 de 1931, y esta nueva situación de hechos ha sido creada por la remoción de la verja que se prolongaba y acortaba el espacio, hoy libre, pero que la corte puede identificar como el mismo no sólo por el recuerdo que tiene del sitio, sino también por los árboles a que antes ha hecho referencia y el poste con la bombilla que está en el mismo sitio."

Y razona y concluye como sigue:

"Descartadas, pues, las defensas de los demandados, y analizada la prueba que éstos han producido, la misma no contradice la de las demandantes, tal como se analiza en la opinión del Tribunal Su-

premo, a que antes hacemos referencia. Esta opinión del Tribunal Supremo es la ley del caso; a ella debemos atenernos. La prueba aportada por las demandantes, dice el Tribunal Supremo, tiende a establecer, prima facie, la existencia de una perturbación causada por la demandada señora Lluberas. La prueba aportada por los demandados no destruye, a nuestro juicio, esta evidencia, sino más bien la robustece. La defensa invocada, además de la que estudiamos, de falta de alegaciones en la demanda determinantes de causa de acción, ha sido resuelta también por el Tribunal Supremo al dejar establecida la doctrina de que los compradores de un solar dentro de un plan de urbanización, tienen derecho a utilizar las calles destinadas al uso público y a exigir que desaparezca cualquier perturbación o estorbo que constituya un menoscabo de su derecho.''

La exposición del curso de los procedimientos que hace el juez sentenciador es correcta. También su apreciación de la prueba y su razonamiento.

Se insiste en que la corte de distrito fué más lejos de lo que esta Corte Suprema indicó en el párrafo final de su opinión de julio 11, 1935, a saber:

"No es nuestra misión emitir juicio alguno en estos momentos acerca del peso que pueda merecer esta prueba. Estamos resolviendo una moción que se dirige a la suficiencia de la evidencia aportada, que en la nomenclatura legal americana se conoce con el nombre de *nonsuit*. Nos limitamos a considerar esa prueba para determinar si se ha establecido o no un caso prima facie en favor de las partes demandantes y respondemos esta cuestión en la afirmativa, porque creemos que la prueba producida es bastante para que se decida el caso en sus méritos, después que los demandados hayan tenido la oportunidad de producir su prueba y establecer sus defensas.

"Debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para procedimientos ulteriores no incompatibles con esta opinión." *Capella* v. *Carreras*, 48 D.P.R. 830, 846.

No estamos conformes. Como hemos visto el juez de distrito comenzó expresando las razones que tuvo en 1932 para declarar con lugar la moción de *nonsuit*. Ninguna de ellas se refiere a que no creyera la prueba de la parte demandante. La opinión de esta Corte Suprema de julio 11, 1935, contiene

una exposición y un análisis completos de la evidencia de dicha parte y establece las conclusiones deducidas demostrativas de un caso prima facie en su favor. Vuelve el pleito a la corte de su origen y se da a la parte demandada la oportunidad de practicar su evidencia y la practica. A ella se refiere en su relación del caso y opinión la corte sentenciadora y concluye que no contradice si que más bien robustece la de la parte demandante. Y siguiendo el criterio legal del Tribunal Supremo como era procedente, declara la demanda con lugar.

La corte de distrito creyó a los testigos de la parte demandante no porque se sintiera obligada a ello por el fallo de esta Corte Suprema. Les dió crédito por sí misma, como se lo había dado en 1932 al resolver la moción de *nonsuit*. Si decidió entonces el pleito en contra de la demandante no fué porque no creyera a sus testigos si que porque estimó que sus testimonios no establecieron un caso prima facie, por las razones que expresa en el comienzo de su opinión tres años después.

Para que exista una calle con derecho a ser usada por los compradores de solares con arreglo a un plan de urbanización que la traza en el plano y la deja en la realidad sobre el terreno a su libre uso y al del público, no es necesario que dicha calle esté afirmada o asfaltada o que tenga cunetas y aceras y sistema sanitario.

Si la calle existe sobre el terreno, esto es, si hay el terreno libre suficiente, no puede ser cercada u obstruída a voluntad por otro comprador como sucedió en este caso, sin incurrir en la responsabilidad consiguiente por los daños y perjuicios que cause con su acto.

El primer error no fué, pues, cometido. Tampoco el segundo. Una vez que la corte sentenciadora relacionó la presentación de los autos del pleito introducido en evidencia por la parte demandada para probar sus defensas de cosa juzgada y prescripción se expresó así:

"Un breve análisis del pleito Núm. 4306, es lo que sigue: versa también este pleito sobre perturbación y menoscabo de propiedad con indemnización; se radicó en junio 14 de 1927 y tras varios incidentes, se dictó una resolución por este tribunal en junio 29 de 1929, declarando sin lugar una moción de los demandantes sobre suspensión de juicio y con lugar una moción de desestimación de la demanda por abandono, presentada por los demandados; con la misma fecha se registró sentencia desestimando la acción y ordenando el archivo y sobreseimiento del caso, sin especial condena de costas; de esta sentencia apeló la parte demandante, y el Tribunal Supremo, con fecha 3 de febrero de 1930, dictó resolución teniendo a la parte demandante y apelante por desistida, a su perjuicio, de la apelación.

"No hay que hacer mayor hincapié para determinar que esta sentencia no tiene la autoridad de cosa juzgada, y que nada impedía que los demandantes en enero 25 de 1930 iniciaran el pleito que estamos ahora resolviendo. Tampoco es de considerarse la defensa de prescripción, toda vez que en la fecha que se inició el pleito, todavía existía el obstáculo o perturbación que dió lugar a la causa de acción."

Asiste la razón a la corte del distrito. La sentencia que se dice que juzgó esta controversia, se dictó por abandono. No resolvió el pleito en sus méritos. Tampoco entró en los méritos la desestimación del recurso contra ella interpuesto. No tiene en tal virtud la autoridad de cosa juzgada.

La propia parte apelante se expresa como sigue en su alegato:

"No perdemos de vista que la jurisprudencia de las cortes americanas tiende a establecer el principio de que una sentencia que no se dicta sobre los méritos del caso, no puede servir de base para la defensa de *res judicata*. Sin embargo, si se examinan las decisiones aplicables habrá de encontrarse que en casi todos los casos en que se llegó a semejante conclusión, la sentencia original se pronunció dejando a salvo el derecho de la parte actora para entablar nueva acción, usándose por los tribunales sentenciadores la expresión *without prejudice*; de donde se infiere que cuando no ha existido la concesión especial para la radicación de nueva demanda, o cuando la sentencia original se dictó *with prejudice,* dicha sentencia constituye un impedimento legal para el ejercicio de una nueva acción."

La inferencia final no está justificada. El derecho no lo da ni lo quita la corte con el uso o el no uso de las palabras *without prejudice*. Surge de la naturaleza misma de la sentencia. No es posible en justicia reconocer autoridad de cosa juzgada a la sentencia que no juzgó. Y en cuanto a las palabras *with prejudice,* sólo pueden tener al ser usadas su propio alcance, como por ejemplo el pago de las costas, transcurso del término prescriptivo, etc., pero nunca el de aumentar el efecto del fallo haciendo que aparezca como que juzgó los méritos cuando hablando por sí mismo dice que no fué así.

Tampoco puede invocarse con éxito la acción ejercitada en el indicado primer pleito para sostener que cuando este segundo fué iniciado había prescrito la acción, ya que se trata de daños y perjuicios causados por actos continuos que están latentes hasta que cesa la causa que los genera. Bien puede decirse que en tal caso la acción dañosa se renueva de día en día, de hora en hora, de minuto en minuto, de segundo en segundo. Lo dicho dispone también de la parte final del alegato de los demandados apelantes que sostiene que la demanda no aduce una causa de acción por aparecer que había prescrito por el transcurso de un año la ejercitada en la misma.

El tercer señalamiento de error relativo a los daños y perjuicios será estudiado conjuntamente con el único que se señala en el alegato presentado para sostener el recurso interpuesto por la parte demandante.

Por el cuarto señalamiento de error se sostiene que la corte no pudo condenar al comprador del solar Arturo Lluberas a satisfacer los daños y perjuicios causados por el acto torticero de la vendedora Rosa Lluberas, ni tampoco a los herederos de ésta.

Un estudio completo de la documentación demuestra que el demandado Arturo Lluberas dueño del solar cuya cerca por el oeste se levantó en sitio que incluía la calle dentro del solar, lo vendió a su hermana Rosa, readquiriéndolo después de ella. La indicada colindancia del solar al ser comprado

por el dicho demandado era con la Avenida de la Palma y esa colindancia fué variada cuando el solar se vendió a la hermana, variación que tiende a amparar la perturbación. Todo en los autos demuestra que el demandado Lluberas al readquirir el solar estaba enterado del acto realizado por su hermana. La demandante le pidió por carta que removiera la cerca. No sólo no lo hizo si que al contestar la demanda negó que se hubiera levantado cerca alguna sobre la Avenida Palma y que estuviera impidiendo el tránsito por vía pública alguna, negando la existencia de la calle en el sitio en que la cerca se encontraba, habiendo demostrado por el contrario la evidencia que a sabiendas se cercó como solar lo que era calle.

En el caso de *Fuller* v. *Andrew*, 230 Mass. 139, se reclamaron daños y perjuicios por una muerte ocurrida con motivo del desplome de un muelle que se alegó que era un estorbo público por extenderse dentro de la orilla del mar sin autoridad para ello y que había sido cedido al demandado al ser abandonado por el que lo construyó, decidiéndose que el demandado era responsable aun cuando no se hubiera solicitado de él que destruyera el estorbo. En el curso de la opinión la corte se expresó así:

"Aquel que no es responsable de la construcción de un estorbo privado, no puede responder de su subsiguiente sostenimiento por el mero hecho de haberse trocado en dueño del mismo. La regla general es al efecto de que debe pedírsele previamente que abata el estorbo, o que debe tener conocimiento de que constituye un estorbo y de que es perjudicial a otros, antes de que se le pueda hacer responsable por el mismo. Pero ésta no es la regla prevaleciente en lo que concierne al sostenimiento de estorbos públicos. Generalmente la responsabilidad surge del sostenimiento de estructuras que constituyen un estorbo público, ya sean construídas por la persona a quien se le imputa o por cualquiera de sus predecesores. Esta regla está bien establecida, y la distinción entre estorbos privados y públicos con respecto a la necesidad de notificación para destruir el estorbo, está definitivamente arraigada en nuestra jurisprudencia."

Tratándose de la obstrucción de una calle pública, público es el estorbo en este caso, pero aunque se considerara privado dados el origen y la naturaleza de la reclamación, la prueba demuestra su conocimiento por parte del demandado desde un principio, habiéndosele además pedido que lo removiera no haciéndolo hasta después de dictada la sentencia de esta Corte Suprema en 1935.

En cuanto a los otros demandados o sean los herederos Ortiz Lluberas, todo lo que se dice en el alegato de los demandados y apelantes es lo que sigue:

"Los menores Ortiz Lluberas han sufrido, en lo que a la sentencia se refiere, la misma suerte que cupo a don Arturo Lluberas. Invocamos, pues, todos los razonamientos aducidos anteriormente.

" 'Inheriters of a public nuisance are not liable in the absence of evidence showing any act of theirs in relation to or connection therewith.' *Bruce* v. *State*, 87 Ind. 450.

" 'The heirs or personal representatives of the originator of a nuisance are not liable for damages resulting from its continuance after his death, except on neglect to abate it after notice.' *Sloggy* v. *Dilworth*, 38 Minn. 179, 36 N. W. 451, 8 Am. S. R. 656."

Las citas no son aplicables porque aquí no se ha demandado a los herederos como mantenedores del estorbo, si que iniciado el pleito en contra de su causante, habiendo ésta fallecido durante su tramitación, se trajo al litigio a sus herederos como continuadores de su personalidad. Ellos aceptaron la herencia sabiendo que existía la reclamación y son claramente responsables de la sentencia resolutoria de la misma.

En cuanto a la concesión y cuantía de los daños, dijo el juez de distrito en su opinión:

"Repasando de nuevo la prueba de la parte demandante, sostenemos la conclusión a que llegamos antes de que las demandantes han sufrido realmente un menoscabo en el disfrute de su propiedad, con motivo de la cerca allí establecida; pero no creemos que tal menoscabo pueda ameritar un fallo de $49,425 que piden las demandantes en su demanda, o de $79,000 a que hacen subir después los daños en el estudio de su prueba."

Y resolvió por su sentencia que debía condenar como condenó "a los demandados, mancomunada y solidariamente, y por concepto de daños y perjuicios, a pagar la cantidad de $8,000 que estima el tribunal justa y razonable por concepto de indemnización de la perturbación a que las demandantes han venido sometidas en el disfrute de su propiedad hasta la fecha en que se removió la verja colocada por la causante de la sucesión codemandada, doña Rosa Lluberas, . . . ."

La parte demandante y apelante en el breve alegato que presentara para fundar su apelación, nombra sus testigos con indicación de las páginas de la transcripción en que aparecen sus declaraciones y dice:

"No creemos necesario hacer una transcripción en este alegato de las declaraciones de estos testigos, que no tendría otro objeto que extenderlo fuera del límite apropiado.

"Realmente, en esta apelación no se trata de una cuestión de hecho, sino de una cuestión de derecho. Esta cuestión la planteamos sencillamente ante el tribunal para su resolución, a saber:

"Establecida por la demandante con prueba directa y pertinente el montante de los daños sufridos por cada una de las demandantes, tal y como fueron alegados, específicamente, sin prueba alguna por parte de la demandada tendente a controvertir esos daños o a reducirlos, ¿podía la corte del distrito hacer una estimación discrecional de los mismos, sin estar obligada a aceptar las constancias de la prueba? En nuestra opinión la corte del distrito carece de esta discreción, en un caso de esta naturaleza."

No estamos conformes. El juez sentenciador lo es de la credibilidad de los testigos. En casos como éste en que se trata de la apreciación por parte de los declarantes del valor de propiedades, de reparaciones, de productos, de sufrimientos físicos y morales, de entorpecimientos en negocios, etcétera, el juez puede creer en principio a un testigo sin que esté obligado por el alcance de su testimonio en toda su extensión. Usando de su criterio y con la aspiración de ser justo para con todos los intereses envueltos, puede reducir dicho alcance hasta el límite que le parezca más en armonía con la realidad de los hechos.

En las reclamaciones de daños y perjuicios la experiencia demuestra que los testigos de cada parte tienen la tendencia a exagerar, y el juez no está obligado a aceptar como verdad la exageración. De otra suerte, si no pudiera el juez reducir a sus justos límites la apreciación del testigo, se vería obligado a desechar por completo su testimonio y ello sería contrario a los propios intereses de la causa a cuyo favor fué a declarar.

Tendría que demostrarse que el juez al reducir la cuantía desechó datos exactos que se le presentaran, no tomó en consideración circunstancias evidentes en sí mismas, en una palabra, abusó de su discreción, para que la corte de apelación se decidiera a sustituir su juicio por el suyo, y esa demostración no se ha hecho en este caso. No está en su consecuencia bien fundado el recurso de la parte demandante.

■ La parte demandada sostuvo en su moción de reconsideración que "tratándose de una acción sobre perturbación y reclamación de daños y perjuicios, que se funda en el artículo 1803 del Código Civil Revisado, la parte actora sólo tendría derecho a ser indemnizada de los daños y perjuicios sufridos dentro del término de un año, inmediatamente anterior a la radicación de la demanda, de acuerdo con el Art. 1869, apartado segundo, del mencionado cuerpo legal. *Colls v. Municipio de Lares*, 23 D.P.R. 866."

El caso que se invoca no sostiene la contención del apelante en relación con los hechos de éste. En él se resolvió, copiando del resumen, que:

"De acuerdo con los artículos 1869 y 1803 del Código Civil Revisado, prescribe por el transcurso de un año la acción contra un municipio para reclamar daños y perjuicios nacidos de la construcción de una supuesta perturbación (*nuisance*), consistente en una cloaca, muro de contención y terraplén hechos con objeto de levantar el nivel de una calle, en ausencia de prueba alguna de daños y perjuicios que resulten del mantenimiento de dichas obras como un estorbo o perturbación continuada (*continuing nuisance*)." *Colls v. Municipio de Lares*, 23 D.P.R. 866, 867.

Aquí los daños reclamados resultaron no sólo de la construcción de la cerca suprimiendo la calle si que del mantenimiento de la cerca que prácticamente arruinó la propiedad de las demandantes. Se trata, como ya dijimos, de una perturbación continuada.

"La aparente discrepancia sobre esta materia en la jurisprudencia americana quizás pueda aminorarse," se dice en 4 Sutherland on Damages, tercera edición, pág. 3051, "asumiendo que, cuando la perturbación *(nuisance)* consiste de una estructura de carácter permanente—intentándose por el demandado tal permanencia—o en el uso o invasión de la propiedad del demandante, o en la privación de algún beneficio a ella inherente por un período de tiempo indefinidamente largo en el futuro, la parte perjudicada tiene la opción de querellarse de la estructura considerándola como un perjuicio permanente y puede recobrar daños por todo el tiempo apreciando su duración de acuerdo con los propósitos del demandado al crearla o continuarla; o tratarla como un mal temporal que será compensado mientras continúe, esto es, hasta que el acto imputado se trueque en legal por concesión, condena de propiedad o cese al ser abatido."

La fijación de la cuantía no se discute en detalle en el alegato de la parte demandada. No se analiza la prueba con respecto a ello. No se dice por qué erró el juez al fijar la suma de ocho mil dólares, aparte de las cuestiones de ley suscitadas. Siendo ello así y no encontrando por nosotros mismos que se hubiera cometido por la corte error fundamental alguno, debemos aceptar su apreciación como la justa y procedente.

Resta sólo considerar el error que se refiere a la imposición de las costas a los demandados. No existe a nuestro juicio. Un examen del pleito desde sus comienzos, de cuanto dijo esta corte en su anterior opinión, de los autos todos, en fin, demuestra que el pago de las costas y honorarios fué impuesto de acuerdo con los hechos y la ley y bien usando de su discreción la corte sentenciadora. No hubo error.

*En su consecuencia procede declarar sin lugar ambos recursos, quedando confirmada en todas sus partes la sentencia recurrida.*