Eduardo Marín Marién, peticionario y apelante, *v.* Alfonso Herrera, demandado y apelado.

Núm. 8622.—*Sometido:* Febrero 16, 1943. *Resuelto:* Marzo 29, 1943.

*Luis Mercader,* abogado del apelante; *Eduardo Pérez Casalduc,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Éste es un caso de *injunction* para decretar el cese de una perturbación iniciado por Eduardo Marín en la corte de distrito de Arecibo, fallado sobre las alegaciones en contra suya.

Marín alegó en su solicitud, en resumen, que era dueño de una finca de sesenta cuerdas, en Utuado, al norte de la

cual nacía una quebrada que penetraba en y corría por la finca hasta llegar a la colindancia con otra de Juan Palop por cuya otra finca seguía corriendo por sitio muy próximo a la del demandante; que el demandado Herrera, desde julio 22, 1942, sin su consentimiento y sin autoridad alguna estaba levantando un muro de piedras sobre el cauce de la quebrada en la colindancia con Palop que estancaba sus aguas y hacía que se desbordaran causando daños a las plantaciones del demandante y haciendo inservible un camino contiguo de un medianero suyo, siendo además las aguas estancadas criadero de mosquitos causantes de enfermedades desconocidas antes allí; constituyendo la construcción un estorbo al libre uso y disfrute de su propiedad que de continuar, le ocasionaría daños difíciles de justiprecio y lo expondría a una multiplicidad de pleitos.

Excepcionó y contestó la demanda el demandado.

Por vía de excepciones alegó que la demanda no aducía hechos suficientes para servir de base al remedio de injunction, que el peticionario tenía un recurso rápido y eficaz en ley para reclamar los daños y perjuicios que dice que se le han ocasionado, que no alegaba hechos bastantes para demostrar que había sufrido o estaba en peligro de sufrir daños irreparables, ni aparecía que una compensación pecuniaria adecuada no fuera suficiente, ni que fuera difícil determinar el importe de una compensación eficaz, ni que surgiera una multiplicidad de procedimientos de no concederse el injunction.

En su contestación negó que hubiera levantado muro alguno que produjera los efectos alegados en la demanda y sostuvo que lo que hizo fué rellenar con piedras un hoyo que había en el camino público que por allí pasaba y que conduce a una finca de su propiedad, a fin de poder transportar los frutos de la misma.

La corte declaró con lugar las excepciones y sin lugar la reconsideración que le pidiera de su resolución el deman-

dante, dictando acto seguido sentencia desestimando la demanda "sin perjuicio de que el demandante presente una acción ordinaria en la forma procedente, y demuestre a la corte su derecho," con imposición de las costas.

No conforme con la sentencia, el demandante interpuso el presente recurso de apelación que debe prosperar, a nuestro juicio.

■ La corte sentenciadora expresó que para poder expedir el injunction que se solicitaba tendría que dar por sentado que existía "una servidumbre en materia de agua a favor del predio del demandante," y no podemos comprender el por qué de esa conclusión.

Refiere seguidamente dicha corte en su resolución que en el acto de la vista el demandante manifestó que su acción se fundaba en el artículo 277 del Código de Enjuiciamiento Civil, y agrega: "Ese artículo es independiente de los motivos consignados en la ley sobre recursos de *injunction* y concede derecho para acciones por perturbación, menoscabo y voluntaria violación del derecho de propiedad en determinados casos. Dentro de una demanda estableciendo esa acción, convenimos en que puede dictarse una orden de *injunction* como medio auxiliar mientras se resuelve el litigio. Pero la demanda debe ir dirigida a obtener una sentencia para que cese la perturbación así como para obtener el resarcimiento de los perjuicios, según se dispone en dicho artículo."

La demanda se titula "sobre *injunction.*" Hemos hecho un resumen de sus alegaciones. Su súplica, copiada textualmente, es como sigue:

"Se suplica a la corte, luego de ver en su fondo este asunto, señalando lo antes posible día para ello, conceda finalmente orden de *injunction* mandando al demandado descontinuar y demoler las obras que se dejó explicadas, dejando la corriente de la quebrada libre en su circulación, decretando cualquier otra medida consonante con los hechos denunciados, imponiendo también al demandado las costas y $300 como honorarios de abogado del peticionario."

El artículo 277 del Código de Enjuiciamiento Civil invocado por el demandante como base de su acción prescribe:.

"Todo lo que fuere perjudicial a la salud, indecente u ofensivo a los sentidos, o que interrumpa el libre uso de la propiedad, de modo que impida el cómodo goce de la vida o de los bienes, constituye una perturbación que da lugar a una acción. Dicha acción podrá ser promovida por cualquiera persona cuyos bienes hubieren sido perjudicados o cuyo bienestar personal resulte menoscabado por dicha perturbación; y la sentencia podrá ordenar que cese aquélla así como decretar el resarcimiento de los perjuicios."

Y el número primero del artículo 677 del propio Código,. ordena que procede el injunction

"Cuando resultare de la petición que el peticionario tiene derecho al remedio solicitado, y dicho remedio, o parte del mismo, consistiere en impedir la comisión o continuación del acto denunciado, bien por un período de tiempo limitado, o perpetuamente."

Creemos que si los hechos alegados y la ley citada se toman en consideración, se concluye fácilmente que lo que en verdad hizo el demandante, no obstante titular su demanda solamente "sobre *injunction*," fué ejercitar el derecho que a todo ciudadano concede el artículo 277 del Código de Enjuiciamiento Civil, en la forma que autoriza el 677 del mismo cuerpo legal.

Según lo alegado en la demanda que debe tenerse como cierto a los fines de la excepción, el demandado sin el consentimiento del demandante y sin autoridad otra alguna . levantó un muro de piedras que impidió el curso natural de una quebrada que corría por la finca del demandante, estancando como consecuencia sus aguas que se desbordaban causando perjuicio a los sembrados del demandante, destruyendo un camino de un medianero suyo y formando un criadero de mosquitos causantes de enfermedades hasta entonces allí desconocidas.

Esos hechos son suficientes a nuestro juicio para demostrar la existencia de una de las "perturbaciones" (*nuisances*).

que tuvo en mente el legislador. Y lo que pidió el deman-
dante a la corte fué que decretara el cese de la misma por
medio de un injunction que es un auto que se libra cuando
el peticionario tiene derecho a impedir la comisión o conti-
nuación del acto denunciado, bien por un período de tiempo
limitado, o perpetuamente como aquí sucede.

■ Es cierto que la demanda es confusa—no determina
con la debida claridad el sitio exacto en que se levanta el
muro—y que su título pudo y debió ser más expresivo, pero
tales defectos pudieron corregirse mediante enmienda y ni
siquiera ese derecho concedió la corte al demandante al de-
clarar con lugar las excepciones del demandado. Reservarle
el derecho de iniciar otro pleito es muy distinto a permitirle
enmendar la demanda del ya comenzado.

■ En su alegato sostiene el apelado que tratándose en
todo caso de un estorbo público según alegó el propio de-
mandante en la corte del distrito en su moción de reconsi-
deración, nunca hubiera podido expedirse el injunction por
no contener la demanda alegación de daños especiales al de-
mandante, citando en su apoyo la decisión de esta corte en el
caso de *Estela* v. *Mario Mercado e Hijos,* 44 D.P.R. 562, 571,
573.

La opinión en el caso citado fué emitida por el Juez Aso-
ciado señor Córdova Dávila. En ella, en parte, se dice:

"El artículo 277 del Código de Enjuiciamiento Civil, que des-
cribe lo que es un estorbo, autoriza el ejercicio de una acción por
cualquier persona cuyos bienes hubieren sido perjudicados o cuyo
bienestar personal resulte menoscabado por la perturbación o *nui-
sance.* Nuestra ley de *injunction,* en su artículo 12, dice así: 'Po-
drá concederse un *injunction* a petición de El Pueblo de Puerto Rico,
para prohibir y suprimir la conservación y mantenimiento de un
perjuicio común. La petición será jurada por el fiscal del distrito
en que el perjuicio común exista, o por el *Attorney General,* según
su leal saber y entender, y no será necesaria ninguna fianza.'

"La acción que se ejercita en el presente caso con el propósito de
remover un estorbo que se califica de público tiene el carácter de
un *injunction* mandatorio. En el estado de California se aprobó en

1905 una enmienda al artículo 731 del Código de Enjuiciamiento Civil, muy parecida a la sección 12 de nuestra ley de *injunction*. . . .
" *       *       *       *       *       *       *

". . . El siguiente párrafo, que copiamos del tomo 20 de la Jurisprudencia de California, página 272, expone con claridad la doctrina mantenida en dicho estado, donde existen disposiciones idénticas a las que están en vigor en Puerto Rico:

" 'El daño proveniente de un estorbo público puede ser resarcido, por regla general, solamente a instancias del pueblo. "Una persona particular puede incoar un procedimiento para abatir un estorbo público, especialmente si le es perjudicial, mas no si ocurre lo contrario." Esta fraseología del código expresa una regla fundamental y universal, y las autoridades en apoyo de la misma son uniformes. La regla es aplicable tanto a litigios en equidad para abatir un estorbo público como a acciones en derecho para recobrar daños y perjuicios. A fin de que pueda sostenerse el procedimiento el daño especial causado al demandante debe ser el resultado inmediato de conducta o condición ilegal. La enmienda de 1905 al artículo 731 del Código de Enjuiciamiento Civil, que faculta a los fiscales para incoar *motu proprio* procedimientos para abatir estorbos públicos y que les obliga a hacerlo así a instancias de la autoridad legislativa local, no afectó el derecho previamente concedido por este artículo a personas particulares para que incoaran procedimientos para abatir un estorbo que les ocasiona daños especiales. . . .' "

No es, pues, adversa al apelante la jurisprudencia que invoca el apelado. Al contrario, le favorece. El requisito—daños especiales a la persona que interesa la remoción del estorbo—que el apelado insiste en que no se alegó en la demanda, surge a nuestro juicio de sus alegaciones—daño en sus siembras, destrucción de un camino de su medianero, enfermedades de las personas que en la finca viven y trabajan, todo ello de modo constante mientras el estorbo exista. Véanse además las decisiones de esta corte en *Coll* v. *Biascoechea,* 52 D.P.R. 753; *Compañía Popular de Transporte* v. *Suárez,* 52 D.P.R. 250, 253, y *Capella* v. *Carreras,* 57 D.P.R. 258.

*Debe revocarse la sentencia apelada y devolverse el caso a la corte de distrito de su origen para ulteriores procedimientos no inconsistentes con esta opinión.*