Brau Ramírez, Juez Ponente
*1049 TEXTO COMPLETO DE LA SENTENCIA
I
Mediante los recursos consolidados de epígrafe, el Banco Popular de Puerto Rico ("el Banco") y Avco Financial Services ("Avco") recurren de dos resoluciones emitidas el 11 de agosto y el 22 de agosto de 1997 por el Tribunal de Primera Instancia, Sala Superior de Guayama. Mediante las resoluciones en cuestión, el Tribunal denegó dos mociones de sentencia sumaria presentadas separadamente por el Banco y por Avco en las que se solicitaba la desestimación de las reclamaciones por daños y perjuicios presentadas contra dichas partes por los recurridos Osvaldo Rosado Ortiz, su esposa Ana O. Santos Ortiz, y la Sociedad Legal de Bienes Gananciales compuesta por ambos, por el fundamento de prescripción.
El caso Núm. KLCE-97-00905, relacionado a la resolución del 11 de agosto de 1997, fue presentado por el Banco el 11 de septiembre de 1997. El 21 de octubre de 1997, emitimos una resolución en dicho caso concediendo término a los recurridos para que comparecieran a mostrar causa por la cual no debíamos expedir el auto solicitado, revocar la resolución recurrida y, en su lugar, dictar sentencia desestimando la demanda contra el Banco. Los recurridos comparecieron el 11 de noviembre de 1997.
En el ínterin, el 30 de octubre de 1997, Avco presentó el recurso Núm. KLCE-97-01133 solicitando resolución de 22 de agosto de 1997. Mediante resolución de 26 de noviembre de 1997, ordenamos la consolidación de los recursos.
Revocamos la resolución de 11 de agosto de 1997 objeto del caso Núm. KLCE-97-00905 y dictamos sentencia desestimando la demanda en contra del Banco. Denegamos, sin embargo, el recurso solicitado en el caso Núm. KLCE-97-01133.
II
Según surge del expediente, el Banco y Avco son entidades dedicadas a la banca comercial que ofrecen, entre otros servicios, préstamos personales y comerciales. Los recurridos, por su parte, son residentes de Cayey, y operan un negocio de joyería en dicho municipio.
Durante el período relevante a la presente controversia, los recurridos hicieron negocios con el Banco y con Avco, incluyendo la obtención de préstamos y líneas de crédito.
En el año 1987, el recurrido Osvaldo Rosado realizó un préstamo con el Banco Popular, el cual fue saldado por él.
En el año 1989, el recurrido aceptó servir de co-deudor a la señora Amarilis Méndez Velázquez en un préstamo tomado por ésta a Avco, por la cantidad de $1,500.00. Posteriormente, el recurrido se mudó a los Estados Unidos con su familia, donde permaneció por varios años, retornando finalmente a Puerto Rico.
*1050 Durante la ausencia del recurrido la señora Méndez no cumplió con los pagos del préstamo. Alegadamente, a su regreso a Puerto Rico, el recurrido fue informado por uno de los oficiales de Avco sobre la falta de pago del préstamo, por lo que, "en el ánimo de evitar que su crédito se empañara con una anotación que le resultara perjudicial, lo pagó durante varios meses hasta que doña Amarilis finalmente lo saldó." Mientras estuvo pagando el préstamo, el recurrido mantuvo a Avco al tanto de sus gestiones, por lo que, durante ese período de tiempo, no se le hizo ningún tipo de anotación adversa a su expediente. Posteriormente, sin embargo, Avco asignó a dicha obligación un código 109, correspondiente a "balance tirado a pérdida". Esta codificación fue reflejada en el historial de crédito del recurrido, quien era co-deudor del préstamo.
Por su parte, el Banco reflejó un código 107 (Quiebra —Plan de Pago) en el expediente del recurrido. Aparentemente, dicha anotación estaba relacionada con el préstamo tomado en 1987 por el recurrido y que había sido pagado por él. Alegadamente esta obligación fue confundida por los oficiales del Banco con otro préstamo, reflejándose incorrectamente al recurrido como co-deudor de este último.
La información adversa sobre el crédito del recurrido fue separadamente ofrecida por las peticionarias a las agencias que proveen información sobre crédito, en particular, al United Credit Bureau (UCB Trans Union Puerto Rico).
Para el 22 de octubre de 1992, el recurrido realizó una solicitud de crédito comercial con el Banco, la que fue denegada, en vista de su historial de crédito. El 1 de diciembre de 1992, el recurrido escribió al Banco solicitando que se le explicaran las razones para la denegatoria de crédito. En respuesta a dicha solicitud, el 29 de diciembre de 1992, el Banco notificó al recurrido que la decisión del Banco estaba basada en un informe adverso del United Credit Bureau.
En 1993, el recurrido aparentemente realizó una nueva gestión de crédito con el Banco la que fue nuevamente denegada. El 24 de marzo de 1993, el recurrido envió la siguiente comunicación a los oficiales del Banco:

"Deseo notificar que, en carta recibida en 1/3/93... sobre mi crédito. Noto hoy en mi folio de crédito un 107 con el Banco Popular de P.R. sobre firma que yo di de $12,700.00 la cual no recuerdo haber dado. Por favor verifiquen bien esto, porque yo no recuerdo haber dado una firma tan grande. Esto me perjudica el crédito, soy un pequeño comerciante. De hecho, no recuerdo haber dado una firma así....".

El recurrido realizó nuevas gestiones con el Banco y con Avco para corregir su historial de crédito. En el informe de crédito del UCB Trans Union Puerto Rico del 29 de marzo de 1994, sin embargo, continuaban apareciendo las codificaciones adversas del Banco (107) y de Avco (109).
En atención a las gestiones del recurrido, el Banco corrigió sus récords. En el informe de UCB Trans Union Puerto Rico del 11 de abril de 1994, no aparecía ya la codificación 107 del Banco. No obstante, Avco mantuvo su código 109, sobre balance tirado a pérdidas.
Basado en los hechos anteriores, el 8 de septiembre de 1995, los recurridos instaron la presente demanda por daños y perjuicios ocasionados a su crédito contra el Banco y contra Avco, alegando que ambas partes habían actuado culposamente al reflejar información incorrecta en el historial del recurrido. Los recurridos solicitaron compensación por los daños ocasionados. Suplicaron, además, que se ordenara a Avco eliminar la anotación del Código 107 del informe crediticio del recurrido.
*1051 Las partes peticionarias contestaron separadamente la demanda, negando las alegaciones.
Luego de otros incidentes, el Banco presentó una moción de sentencia sumaria solicitando la desestimación de la reclamación en su contra, alegando que la misma estaba prescrita conforme al art. 1868 del Código Civil, 31 L.P.R.A. see. 5298. Observó el Banco que el recurrido conocía de la anotación a su historial realizada por el Banco desde enero de 1993, y que dicha anotación había sido corregida para el 11 de abril de 1994, más de un año antes de la presentación de la demanda. El Banco también señaló que entre el recurrido y el Banco no existía contrato alguno relativo a la deuda por la cual se produjo la anotación de crédito ante el United Credit Bureau.
Los recurridos se opusieron a la moción del Banco, alegando que el término aplicable a la acción era el de quince años estatuido por el art. 1864 del Código Civil, 31 L.P.R.A. see. 5294, y no el de un año establecido por el art. 1868, por tratarse más bien de una acción contractual. Alegaron, además, que la anotación de crédito constituia un daño continuo, por lo que la moción del Banco debía ser denegada.
Mediante una moción separada, Avco se unió al pedido del Banco, solicitando que se desestimará la reclamación en su contra.
El 11 de agosto de 1997, el Tribunal denegó la moción de sentencia sumaria del Banco, por entender que existía controversia real sustancial en torno a hechos esenciales. El 22 de agosto de 1997, se denegó la moción similar presentada por Avco.
Insatisfechas, ambas partes acudieron ante el Tribunal.
III
En sus recursos, el Banco y Avco plantean que erró el Tribunal al denegar sus mociones de senten'cia sumaria.
La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, autoriza a un tribunal a dictar sentencia sumaria cuando no existe "controversia real sustancial en cuanto a ningún hecho material y... como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente." Véanse, Soto v. Caribe Hilton, _ D.P.R. _ (1994), 94 J.T.S. 128, a la pág. 311; Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, 720 (1986); Tello Rivera v. Eastern Air Lines, 119 D.P.R. 83, 86 (1987).
La parte que solicita la sentencia sumaria tiene que demostrar que no hay controversia real sustancial en cuanto a ningún hecho material y que procede se dicte sentencia a su favor como cuestión de ley. La parte opositora se ve entonces en posición de poner en controversia los hechos presentados por el promovente. Pilot Life Insurance Company v. Crespo Martínez, _ D.P.R. _ (1994), 94 J.T.S. 104, a las págs. 20-21.
Una vez la moción de sentencia sumaria ha sido presentada y se sostenga en la forma provista por la Regla 36 de las de Procedimiento Civil, la parte contraria no puede descansar solamente en las aseveraciones o negaciones contenidas en su demanda, sino que viene obligada a contestar en forma tan detallada y específica, como lo hubiere hecho la parte promovente, exponiendo los hechos pertinentes a la controversia que demuestren que existe una controversia real que debe ser dilucidada en un juicio. De no hacerlo, debe dictarse sentencia sumaria en su contra, si procediere en derecho. Véase la Regla 36.6 de las de Procedimiento Civil; PFZ Properties v. General Accident Insurance Corp., _ D.P.R. _ (1994), 94 J.T.S. 116, a la pág. 125; J.A.D.M. v. Centro Comercial Plaza Carolina, _ D.P.R. _ (1993), 93 J.T.S. 26, a la pág. 10,439.
*1052 En la situación de autos, la acción ejercitada por los recurridos es una de daños y perjuicios bajo el art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141; Torres Maldonado v. J.C. Penney Company, _ D.P.R. _ (1992), 92 J.T.S. 62, a la pág. 9,513.
El art. 1868 del Código Civil, 31 L.P.R.A. see. 5298, establece un término de un año para la presentación de las acciones derivadas de la culpa o la negligencia a computarse "desde que lo supo el agraviado". Borg Wagner International Corp. v. Quasar Company, A DivisiOn of Matsushita Electric Corp. of America, _ D.P.R. _ (1995), 95 J.T.S. 30, a la pág. 722; Ojeda Ojeda v. El Vocero. Inc., _ D.P.R. _ (1994), 94 J.T.S. 131, a la pág. 331; Rivera Encarnación v. E.L.A., 113 D.P.R. 383, 385 (1982); véase, además, Herminio Brau del Toro, Los Daños y Perjuicios Extracontractuales en Puerto Rico, Vol. II, 2da edición, Publicaciones JTS, 1986, a la pág. 568.
En la situación de autos, no existe controversia en que los recurridos tuvieron conocimiento del daño a su crédito, por lo menos, desde marzo de 1994, esto es, más de dos años antes de la presentación de su demanda, la cual fue radicada el 8 de septiembre de 1995}
Los recurridos alegan que la acción ejercitada por ellos es una acción contractual, toda vez que se origina en la relación existente con cada una de las peticionarias. Insisten en que el término prescriptivo aplicable es el de quince (15) años establecido por el art. 1864 del Código Civil, 31 L.P.R.A. see. 5294.
Opinamos, sin embargo, que la acción en cuestión es de naturaleza extracontractual, fundada, no en el incumplimiento de los términos de un contrato entre las partes, sino del deber general de cuidado impuesto por el art. 1802 del Código Civil. Véase, Rosas González v. Acosta Pagán, _ D.P.R. _ (1993), 93 J.T.S. 154, a las págs. 11,304-5; Ramos Lozada v. Orientalist Rattan Furniture, Inc. _ D.P.R. _ (1992), 92 J.T.S. 74, a la pág. 9,577; Ocasio Juarbe v. Eastern Airlines, Inc., 125 D.P.R. 410, 418-419 (1990); Prieto v. Maryland Casualty Co., 98 D.P.R. 594, 619 (1979); Camacho v. Iglesia Católica, 72 D.P.R. 353 (1951).
En efecto, conforme a los términos de la demanda, la responsabilidad de las peticionarias alegadamente se origina en la actuación negligente de éstas de reportar al United Credit Bureau información incorrecta sobre el crédito del recurrido. Dicha obligación incumplida no cae dentro de los incidentes de los contratos de préstamo celebrados entre los recurridos y las peticionarias. Compárese, Torres Maldonado v. J.C. Penney Company, 92 J.T.S. 62, a la pág. 9,513.
Los recurridos alegan que los daños sufridos por ellos como producto de la conducta de las peticionarias son de tipo continuo, por lo que, hasta tanto se corrija su récord de crédito, los daños a su reputación se siguen reproduciendo.
Este argumento, desde luego, no aprovecha a la parte recurrida en cuanto a su reclamación contra el Banco. Según hemos visto, dicha parte corrigió la anotación en el récord del recurrido para abril 11 de 1994, más de un año antes de la presentación de la demanda. Debemos concluir, de este modo, que la reclamación contra el Banco está prescrita, conforme al art. 1868 del Código Civil.
Ahora bien, consideramos que el argumento de los recurridos resulta meritorio en cuanto a Avco, quien, a diferencia del Banco, no eliminó la información crediticia adversa del recurrido de sus récords. Suponiendo, sin decidirlo, que esta actuación efectivamente constituyera una violación de un deber de cuidado bajo el art. 1802 del Código Civil, la misma habría provocado daños sucesivos a la reputación crediticia de los recurridos, daños que se continúan produciendo mientras la anotación no se elimine.
*1053 En su recurso Avco identifica los daños reclamados por los recurridos como "daños continuados." Este tipo de daños han sido reconocidos por la doctrina del Tribunal Supremo de Puerto Rico. Se consideran como "aquellos producidos por uno o más actos culposos o negligentes imputables al actor, coetáneos o no, que resultan en consecuencias lesivas ininterrumpidas, sostenidas, duraderas sin interrupción, unidas entre sí, las cuales al ser conocidas hacen que también se conozca —por ser previsible— el carácter continuado e ininterrumpido de sus efectos, convirtiéndose en ese momento en un daño cierto compuesto por elementos de daño actual (aquel que ya ha acaecido) y de daño futuro previsible." Galib Frangle v. El Vocero de Puerto Rico, _ D.P.R. _ (1995), 95 J.T.S. 71, a la pág. 925 (citando a H. Brau, supra, a la pág. 648); véase, además, Rivera Encarnación v. E.L.A., 113 D.P.R. a la pág. 385.
De acuerdo a la doctrina adoptada por el Tribunal Supremo, el período prescriptivo para el resarcimiento de este tipo de daño comienza a computarse desde el primer momento en que fueron conocidos, cuando ya puede anticiparse la certidumbre de su ocurrencia. Galib Frangie v. El Vocero de Puerto Rico, 95 J.T.S. 71, a la pág. 925. A tenor con esta postura, Avco plantea que la causa de acción de los recurridos está prescrita puesto que éstos conocieron de sus daños más de un año antes de su demanda.
En nuestra opinión, sin embargo, los daños reclamados en el presente caso corresponden a aquellos que el profesor Brau ha llamado "daños sucesivos." Estos consisten en:
"una secuencia de reconocimientos de consecuencias lesivas por parte del perjudicado, las que se producen y manifiestan periódicamente, o aun continuamente, pero que se van conociendo en momentos distintos entre los que media un lapso de tiempo finito, sin que en momento alguno sean previsibles los daños subsiguientes, ni sea posible descubrirlos empleando diligencia razonable. Dicho en otras palabras, se trata de daños ciertos que se repiten (sin que sea necesario que sean idénticos en su naturaleza, grado, extensión y magnitud), cuya repetición no es previsible en sentido jurídico ni son susceptibles de ser descubiertos empleando diligencia razonable." (Enfasis original).
H. Brau, supra, a la pág. 643.
Ejemplos de daños sucesivos son aquellos provocados por descargas periódicas de químicos o de gases tóxicos, por el desvío ilegal de aguas por una represa no autorizada, el mantenimiento de una ruina, y otros tipos de daños, tales como los considerados en nuestra jurisdicción bajo la categoría de "estorbos". Id., a las págs. 643-646. Se diferencian de los daños continuados en el carácter impredecible de las lesiones sucesivas, lo que implica que este tipo de causa de acción no prescribe al conocerse la primera instancia del daño. Id., a la pág. 644.
Según el profesor Brau, esta categoría de daños incluye aquellas situaciones, como la del caso de autos, en que una sola conducta torticera inicial continúa produciendo consecuencias lesivas, las cuales, sin embargo, se consideran imprevisibles, desde el punto de vista jurídico, toda vez que dependen de que el actor continúe un curso de conducta ilícito:

"Existen numerosas situaciones de hechos que producen daños sucesivos que cuando se examinan dan la impresión, a primera vista, que los daños corresponden a una categoría distinta a la de daños sucesivos en tanto que en el proceso de la producción de dichos daños se destaca un primer evento específico, prominente y persistente, acompañado de un daño coetáneo que se reconoce y que persiste. Sin embargo, en cuanto se examinan dichas situaciones de hechos con algún detenimiento surge prontamente que en adición al aludido acto original, específico y prominente, el actor continúa incurriendo periódicamente, aun de día a día, en omisiones negligentes repetidas, consistentes en no corregir la situación dañosa 
*1054
creada por él, cuya acción correctiva está bajo su control y puede efectuarla a su discreción. Esto resulta,..., en que, en rigor, diariamente el actor incurra en un acto negligente, se produzcan consecuencias lesivas, y que el perjudicado las conozca, resultando en que diariamente se originen daños distintos y repetitivos,...

La aplicación de la doctrina cognoscitiva del daño ratifica que cada vez que se producen las omisiones culposas, acompañadas de consecuencias lesivas que se manifiestan y se reconocen —aun cuando estas consecuencias lesivas subsiguientes tengan un nexo causal con el acto dañoso original, específico y prominente— surgen daños nuevos que originan, cada uno de ellos, una nueva causa de acción cuyo término de prescripción comienza a contar cuando cada uno de esos daños se manifiesta y el perjudicado tiene conocimiento de ellos.... [S]i el perjudicado interpone una acción resarcitoria transcurrido más de un año del acto dañoso original, su acción estará limitada a los daños ocurridos durante el último año únicamente ya que las ocurridas con anterioridad estarán prescritas."

Id., alas págs. 644-645.
En la situación de autos, según las alegaciones de la demanda, la conducta de Avco de introducir información incorrecta en el historial de récord de la parte recurrida ocasiona daños a esta parte similares a los provocados por un estorbo; mientras la parte peticionaria no cese de su conducta y corrija el récord en cuestión, los daños sufridos por los recurridos se consideran sucesivos, gozando en cada instancia de una causa de acción para solicitar el resarcimiento por los daños ocasionados. Compárense, Seda v. Miranda Hermanos, 88 D.P.R. 355 (1963); Arcelay v. Sánchez, 77 D.P.R. 824 (1955); Capella v. Carrera, 57 D.P.R. 258 (1940). 
Concluimos que la causa de acción ejercitada por los recurridos contra el Banco está prescrita, no así la causa de acción contra Avco.
Por los fundamentos expresados, se expide el auto solicitado por el Banco en el caso Núm. KLCE-97-00905 y se revoca la resolución emitida por el Tribunal de Primera Instancia el 11 de agosto de 1997. En su lugar, se dicta sentencia parcial desestimando la demanda contra el Banco. Se deniega el auto solicitado por Avco en el caso Núm. KLCE-97-01133.
Lo pronunció y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 98 DTA 82
1. En efecto, debe reconocerse que, al igual que en los casos de estorbo, los recurridos cuentan con una causa de acción para solicitar la corrección de la situación que les provoca los daños alegados. Claramente, dicha causa^ de acción no está prescrita mientras continúe la situación ilícita.