Miguel Agosto Ortiz y otros, demandantes y peticionarios, *v.* Municipio de Río Grande y otros, demandados y recurridos.

Número: CC-96-414 Resuelto: 20 de mayo de 1997

*José R. Franco Rivera*, abogado de la parte recurrente; *Raúl Méndez de Guzmán*, de *Pedro Toledo González Law Offices*, abogado de la parte recurrida.

'EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

En el caso de autos, tenemos la oportunidad de precisar cuándo comienza a correr el término de prescripción cuando se desiste de una acción civil mediante una orden judicial.

I

El 6 de diciembre de 1988 los demandantes instaron una acción para reclamar los daños sufridos como consecuencia de una inundación ocurrida el 7 de diciembre de

1987.([1]) Entre los demandados, se encontraba el Municipio de Río Grande (en adelante el Municipio). La referida demanda fue archivada sin perjuicio, a petición de los propios demandantes, mediante una sentencia parcial emitida por el foro de instancia el 7 de mayo de 1991.

El 13 de marzo de 1992, se presentó la demanda que nos concierne aquí. En ella se reclamaron tanto los daños sufridos por la inundación de 7 de diciembre de 1987, mencionada antes, como los ocurridos tras otra inundación posterior, ocasionada por el huracán Hugo el 18 de septiembre de 1989. Alegaron, entre otras cosas, que la canalización defectuosa de la Quebrada Lajas causaba que se desbordasen sus aguas y se inundasen las residencias aledañas. Alegaron, además, que la responsabilidad por esa canalización defectuosa era del Municipio.([2])

El demandado presentó ante el Tribunal de Primera Instancia una moción de desestimación. Adujo que la demanda estaba prescrita. Dicha moción fue denegada. Inconforme con esta determinación, el Municipio acudió al Tribunal de Circuito de Apelaciones, el cual revocó la referida determinación de instancia mediante una sentencia emitida el 25 de septiembre de 1996. Los demandantes, entonces, acudieron ante nos. El 6 de diciembre de 1996, le ordenamos al recurrido mostrar causa por la cual no debíamos revocar la sentencia del foro apelativo. El Municipio compareció oportunamente. Procedemos ahora a resolver según lo intimado.

## II

El Municipio plantea que el término de prescripción para la reclamación por la inundación de 7 de diciembre de

---

([1]) Los demandantes del epígrafe eran parte de los demandantes originales, entre los cuales también se incluían residentes de otras municipalidades.

([2]) Aunque en el pleito existen otros codemandados, ante nos sólo se encuentra el Municipio de Río Grande (en adelante el Municipio).

1987 nunca fue interrumpido, debido a que la primera demanda sobre el particular no contenía alegaciones concretas en contra del Municipio demandado. Aunque es cierto que en dicha acción no se hicieron alegaciones específicas respecto al recurrido, no le asiste la razón al Municipio en su planteamiento. En el texto de la demanda en cuestión se expresaba que:

> 4. Para el día 7 de diciembre de 1987, *como resultados [sic] de actos negligentes u omisiones imputables a los demandados, las propiedades de los demandantes sufrieron cuantiosos daños y perjuicios cuando los sistemas de alcantarillados se taparon, causando así grandes inundaciones.* Estos sistemas de alcantarillados sufren de serias fallas de diseño y construcción, lo cual les hacen prácticamente inservibles e inoperantes. (Énfasis suplido.)

 Como se sabe, el propósito de las alegaciones es informar al demandado, de manera general, sobre la reclamación que contra él se incoa. Sólo es necesario bosquejar la controversia. No se exigen fórmulas técnicas para la redacción de las alegaciones. *Ortiz Díaz v. R. & R. Motors Sales Corp.*, 131 D.P.R. 829, 835 (1992). Por otro lado, es un principio bien establecido que al considerar una moción para desestimar una demanda, ésta debe ser evaluada de forma crítica. Es decir, hay que examinar los hechos alegados en la demanda de la manera más favorable a la solicitud del demandante, y sólo procede la desestimación si de las alegaciones no se puede deducir el derecho a la consecución de remedio alguno. Véanse, al respecto: *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 D.P.R. 497 (1994); *Unisys v. Ramallo Brothers*, 128 D.P.R. 842, 858 (1991); *Romero Arroyo v. E.L.A.*, 127 D.P.R. 724, 737–738 (1991); *Granados v. Rodríguez Estrada I*, 124 D.P.R. 1, 48 (1989).

De la alegación transcrita se desprende que los demandantes sostenían que debido a los actos negligentes de los demandados, entre los cuales estaba el Municipio, los sistemas de alcantarillado se tapaban y se inundaban. El Mu-

nicipio estaba suficientemente bien notificado de la naturaleza general de la contención en su contra. Si el Municipio consideraba insuficientes las alegaciones, pudo haber solicitado que se especificara a qué actos negligentes en específico se refería la reclamación. *Bco. Central Corp. v. Capitol Plaza, Inc.*, 135 D.P.R. 760 (1994).

Resolvemos, pues, que la acción inicial contenía alegaciones suficientes contra el Municipio. Veamos ahora si, una vez reactivado el término prescriptivo, tras el desistimiento de la primera demanda, éste ya había transcurrido en su totalidad al presentarse la segunda demanda.

### III

Aunque el recurrido nunca lo ha planteado de esta manera, es pertinente distinguir el presente caso del de *García Aponte et al. v. E.L.A. et al.*, 135 D.P.R. 137 (1994) (en adelante *García Aponte*) ya que el Tribunal de Circuito de Apelaciones basó erróneamente en éste su sentencia, aquí recurrida.

En el caso que nos ocupa, si el término prescriptivo de un año[3] fuera computado a partir de la fecha de la solicitud de desistimiento de la demanda original, la segunda demanda estaría prescrita. No sería así, por el contrario, si el término se computara a partir de la fecha del archivo en autos de la notificación de la sentencia que ordenó se archivara la demanda original.

En *García Aponte*, supra, resolvimos que el momento del cual se parte para la computación del término prescriptivo de las acciones, luego del desistimiento de un pleito bajo la Regla *39.1(a)* de Procedimiento Civil, 32 L.P.R.A. Ap. III,[4] es el de la fecha del aviso de desisti-

---

[3] Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298.

[4] Es el primer inciso de la Regla 39.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, y dice así:

miento presentado por el demandante. Sin embargo, dicha norma no es aplicable aquí. Ello, porque la regla sobre desistimientos claramente contiene dos esquemas distintos. Contrario a la situación que motivó *nuestra* opinión en *García Aponte*, supra, en el caso de epígrafe el desistimiento se realizó bajo la Regla *39.1(b)* de Procedimiento Civil, 32 L.P.R.A. Ap. III.[5] Esta regla trata de los desestimientos *por orden judicial*, mientras que la Regla 39.1(a), *supra*, se refiere a las situaciones en las cuales el demandante puede desistir *sin mediar orden del tribunal.*

El inciso (b) de la Regla 39.1, *supra*, contiene una norma de excepción que rige únicamente cuando no está presente alguna de las dos situaciones descritas en el inciso (a) de la Regla 39.1, *supra*. En el caso de autos, estaban ausentes ambas. El desistimiento se realizó bajo el inciso (b) de ésta, ya que la demanda se había contestado antes de la solicitud de desistimiento,[6] y dicha solicitud sólo fue firmada

---

"*(a) Por el demandante; por estipulación*. Sujeto a las disposiciones de la Regla 20.5, un demandante podrá desistir de un pleito sin orden del tribunal, (1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción solicitando sentencia sumaria, cualesquiera de éstas que se notifique primero, o (2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito. A menos que el aviso de desistimiento o la estipulación expusiere lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presentare un demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún Tribunal Federal o de cualquier estado de los Estados Unidos, de otro pleito basado en o que incluya la misma reclamación."

[5] Es el segundo inciso de la Regla 39.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, y dice así:

"*(b) Por orden del tribunal. A excepción de lo dispuesto en la Regla 39.1(a), no se permitirá al demandante desistir de ningún pleito, excepto mediante orden del tribunal* y bajo los términos y condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio." (Énfasis suplido.)

[6] La parte recurrida alega que como nunca hubo alegaciones en su contra, nos encontramos ante la primera situación contenida en la Regla 39.1(a) de Procedimiento Civil, *supra*. Aunque el demandado haya contestado la primera demanda "sin someterse a la jurisdicción", ya el tribunal había asumido ésta, pues el Municipio fue debidamente demandado, como ya resolvimos en la segunda parte de esta opinión.

por el aquí peticionario. Estamos, pues, claramente ante una situación cubierta por la Regla 39.1(b), *supra.*

El texto de dicha regla establece la necesidad de obtener una orden del tribunal para que el demandante pueda desistir de su acción. Acorde con ello, la parte demandante en este caso solicitó dicho permiso[7] y éste fue concedido por el tribunal *el 7 de mayo de 1991.* Como el permiso judicial era compulsorio, es a partir de éste que comenzó a contar el nuevo término prescriptivo, porque fue con la orden judicial que se le puso punto final al pleito en cuestión.[8] Reiteramos lo que consistentemente hemos establecido en *García Aponte,* supra, pág. 6, en *Silva Wiscovich v. Weber Dental Mfg. Co.,* 119 D.P.R. 550, 562 (1987), en *Durán Cepeda v. Morales Lebrón,* 112 D.P.R. 623, 625–626 (1982); en *Moa v. E.L.A.,* 100 D.P.R. 573, 591 (1972), y en *Feliciano v. A.A.A.,* 93 D.P.R. 655, 661 (1966), de que cuando se interrumpe una acción por la vía judicial, dicha interrupción se mantiene durante todo el tiempo que dure la demanda. El momento crucial, a partir del cual ocurre la reactivación y el comienzo del transcurso de la prescripción, es cuando termina definitivamente la acción ejercitada originalmente.

Por las razones expuestas, resolvemos que la segunda reclamación por los daños causados en la inundación de 7 de diciembre de 1987 no estaba prescrita. El plazo prescriptivo fue interrumpido mediante la demanda incoada el 6 de diciembre de 1987. El nuevo término comenzó a correr desde el 7 de mayo de 1991 y, finalmente, fue interrumpido

---

[7] Según consta de la minuta fechada el 13 de marzo de 1991, el Tribunal de Primera Instancia concedió a los entonces codemandantes cinco días para solicitar desistimiento sin perjuicio. La moción presentada el 26 de febrero de 1991 se tituló "Moción solicitando desistimiento sin perjuicio" y, valga la redundancia, esto es lo que solicita.

[8] Este permiso se hizo efectivo desde la fecha del archivo en autos de la notificación de la sentencia que lo contenía.

el 13 de marzo de 1992 con la presentación de la segunda demanda, que es la que nos concierne aquí.

## IV

Nos resta determinar si la reclamación de los perjuicios ocasionados por la inundación acaecida tras el paso del huracán Hugo está prescrita. Estos daños ocurrieron durante el lapso de tiempo. en que estuvo pendiente la primera acción judicial. Esa acción no fue enmendada para incluir los daños imputados relativos al huracán Hugo. No fue hasta transcurridos más de dos años luego de su ocurrencia, que éstos reclamaron judicialmente por primera vez. Los recurrentes alegan que, respecto a dicha reclamación, no había vencido el término prescriptivo porque éste fue interrumpido extrajudicialmente y, además, porque dichos daños son de tipo recurrente, producto de la conducta negligente denunciada en la demanda original. No tienen razón.

■ Respecto a la interrupción extrajudicial, el Art. 1873 del Código Civil, 31 L.P.R.A. sec. 5303,[9] provee para que, tanto por una reclamación extrajudicial del acreedor como por vía de cualquier acto de reconocimiento de la deuda por parte del deudor, se interrumpa la prescripción. Los demandantes no indican claramente en sus alegatos cuál de estos modos de interrupción judicial de la prescripción los ampara. Sólo sostienen que el Municipio "conocía" la situación. Presentan como prueba de ello tres cartas obtenidas mediante el descubrimiento de prueba. No nos consta que éstas se hayan presentado ante la consideración del Tribunal de Primera Instancia.[10] Independiente-

---

[9] Su texto dispone así:

"La prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor." 31 L.P.R.A. sec. 5303.

[10] La Regla 34(d) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, expresa:

mente de ello, éstas no tuvieron el efecto de interrumpir la prescripción por medio de la interpelación extrajudicial o del reconocimiento del deudor. Veamos:

Dos de dichas misivas fueron escritas por las autoridades municipales y la restante por una tercera persona. La primera de ellas, de 23 de noviembre de 1990, fue escrita por un ingeniero de una firma consultora y está dirigida a la alcaldesa. En ésta se informa, entre otras cosas, que los vecinos se quejan de que, cuando ocurren inundaciones, de los inodoros y fregaderos emana aguas negras. El ingeniero atribuye el referido efluvio a una conexión ilegal de líneas sanitarias a las líneas pluviales. La segunda de las cartas, de 26 de noviembre de 1990, la escribe la Alcaldesa del Municipio. En ella, pone en conocimiento al Secretario del Departamento de Transportación y Obras Públicas de un supuesto informe de la firma de ingenieros, que atribuía las inundaciones a una deficiencia en el tamaño de la atajea debajo de un puente. En la tercera (y última) de las cartas, de 5 de diciembre de 1990, la Alcaldesa le informa a la Directora Ejecutiva de la Autoridad de Acueductos y Alcantarillados de la aparente existencia de una conexión ilegal de las líneas sanitarias a las líneas pluviales (la misma conexión a la que había hecho referencia el ingeniero en la carta mencionada antes).

De entrada, procede descartar la primera de estas misivas. El demandante está impedido de ampararse en los actos de un tercero para interrumpir la prescripción, pues, en primer lugar, a quien único le corresponde interpelar al demandado es al propio demandante (o su representante autorizado), ya que el concepto de la prescripción tiene su base en la necesidad de proteger al deudor de la inercia del poseedor de un derecho, y es dicho acreedor el

---

"*Los apéndices no contendrán copias de documentos que no formen parte de los autos del tribunal de instancia,* con excepción de selecciones de estatutos, reglamentos, jurisprudencia del Tribunal Supremo o de otros tribunales, o selecciones de otras autoridades que se citen en la petición, moción o alegato y que por su extensión no sea conveniente reproducir dentro del cuerpo del mismo." (Énfasis suplido.)

que tiene que actuar. *De Jesús v. Chardón*, 116 D.P.R. 238, 245–246 (1985). En segundo lugar, tampoco se puede aceptar la carta del ingeniero como un reconocimiento de deuda. Del texto citado del Art. 1873 del Código Civil, *supra*, se desprende que para que un acto de reconocimiento de deuda sea efectivo como interruptor de la prescripción, tiene que ser efectuado por el propio deudor.

Respecto a las dos cartas de la Alcaldesa, en ellas no se reconoce la existencia de acción judicial alguna ni mucho menos se asume responsabilidad por dichos daños. Es imposible interpretarlas como un reconocimiento de deuda. En ellas, sólo se expresa preocupación por el problema de las inundaciones y la voluntad de prevenirlas. No es suficiente el mero conocimiento de un hecho para interrumpir con ello la prescripción. Para que efectivamente se constituya la interrupción del término, el deudor tiene que, de forma expresa, haber reconocido la existencia de la acreencia o de la reclamación que ahora se le exige. *Díaz de Diana v. A.J.A.S. Ins. Co.*, 110 D.P.R. 471, 480 (1980); *Vda. de Carlo v. Toro*, 99 D.P.R. 200, 209–225 (1970).

Respecto a si los estragos causados por la inundación de 1989 a raíz del huracán Hugo constituyen daños recurrentes —por lo que quedarían incluidos en la primera demanda— tampoco les asiste la razón a los demandantes. Las situaciones en las cuales hemos reconocido la existencia de este tipo de daño se refieren a circunstancias distinguibles de la de marras. Tratan ellas, exclusivamente, de perturbaciones continuadas que ocurren con ausencia de intervención de alguna otra causa, ajena a la conducta de los demandados. En *Seda v. Miranda Hnos. & Co.*, 88 D .P.R. 355 (1963), se pedía compensación por los daños ocasionados por una fábrica de la que emanaban humos y ruidos; en *Arcelay v. Sánchez*, 77 D.P.R. 824 (1955), se pedía la expedición de un *injunction* en contra de una planta pasteurizadora que ocasionaba ruidos y pestes; en *Capella v. Carreras*, 57 D.P.R. 258 (1940), se reclamaban los daños

ocasionados por una verja que había obstruido la vía pública, y en *Colls v. Municipio de Lares*, 23 D.P.R. 866 (1916), se reclamó una indemnización por la construcción de una cloaca, un muro de contención y un terraplén, mas se desestimó la demanda porque no se aportó prueba sobre los perjuicios ocasionados por la perturbación. En ninguno de ellos operó alguna otra causa que no fuese la continua perturbación ocasionada por los demandados.[11]

En el caso de autos, las dos inundaciones alegadas constituyen eventos separados. Los daños ocasionados por el huracán, que fue un fenómeno climatológico distinto y de especial magnitud, constituyen una causa de acción independiente de la causa procedente de los daños ocasionados por las lluvias de 1987. En la demanda en cuestión se pide una compensación por alegadas pérdidas causadas por la misma conducta negligente, pero dentro del marco de una situación fáctica disímil, porque se trata de eventos separados y distintos. Los hechos de los que tendría que defenderse el Municipio no son los mismos, ya que tratan de dos inundaciones independientes. El demandado fue oportunamente prevenido sobre la reclamación por los hechos de 1987 a través de la primera demanda, pero no fue prevenido sobre los de 1989. Cuando se incoó la presente acción, ya había vencido el término prescriptivo respecto a estos daños, por lo que corresponde desestimar dicha reclamación.

## V

Por los fundamentos anteriormente expuestos, *se expedirá el auto solicitado y se dictará sentencia para modificar la del Tribunal de Circuito de Apelaciones, a los efectos de revocar su dictamen de prescripción de la causa de acción*

---

[11] *Seda v. Miranda Hnos. & Co.*, 88 D.P.R. 355, 361 (1963); *Arcelay v. Sánchez*, 77 D.P.R. 824, 837–838 (1955); *Capella v. Carreras*, 57 D.P.R. 258, 271 (1940); *Colls v. Municipio de Lares*, 23 D.P.R. 866, 869 (1916).

*que reclama daños por la inundación de 1987, y para confirmarla en lo referente a la prescripción de la acción por los daños relativos a la inundación de 1989.*

El Juez Asociado Señor Rebollo López concurrió sin opinión escrita.