Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Pramco CV6, LLC<br><br>Peticionario<br><br>v.<br><br>José Delgado Cruz y Otros<br><br>Recurridos | Certiorari<br><br>2012 TSPR 17<br><br>184 DPR ____ |

Número del Caso: CC-2011-405

Fecha: 26 de enero de 2012

Tribunal de Apelaciones:

Región Judicial de Carolina Panel VIII

Juez Ponente:

Panel integrado por su presidente, el Juez Escribano Medina y los Jueces Bermúdez Torres y Rivera Colón

Abogado de la Parte Peticionaria:

Lcdo. Francisco Fernández Chiqués

Abogado de la Parte Recurrida:

Lcdo. Rafael Asencio Márquez

Materia: Cobro de Dinero

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pramco CV6, LLC.

Peticionario

v.

CC-2011-0405     Certiorari

José Delgado Cruz y Otros

Recurridos

Opinión del Tribunal emitida por el Juez Asociado SEÑOR ESTRELLA MARTINEZ

San Juan, Puerto Rico, a 26 de enero de 2012.

Nos corresponde examinar el alcance de la doctrina de los dos desistimientos. Específicamente, debemos establecer si erró el Tribunal de Apelaciones al desestimar con perjuicio una demanda luego de aplicar el subinciso (1) de la Regla 39.1(a) de las de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, a una reclamación que en dos ocasiones previas había sido desistida sin perjuicio.[1] El primero de los desistimientos ocurrió mediante un aviso de la parte

_____

[1]El caso ante nuestra consideración fue presentado durante la vigencia de las Reglas de Procedimiento Civil de 1979. Al momento de solicitar la desestimación del mismo estaban vigentes las Reglas de Procedimiento Civil de 2009. Ello no afecta la adjudicación del caso ante nuestra consideración. Las disposiciones referentes a la Regla 39.1 de ambos cuerpos legales son prácticamente idénticas excepto por algunos cambios menores de estilo de redacción.

demandante al amparo del subinciso (1) de la Regla 39.1 (a) y el segundo por orden del tribunal conforme al inciso (b) de la Regla 39.1.

I

En el 2004, RG Premier Bank de Puerto Rico (RG Premier) demandó al Sr. José E. Delgado Cruz h/n/c Casa Cambalache, a la Sra. Migdalia Berdecía Santiago y a la sociedad legal de gananciales por ellos compuesta (recurridos).[2] Durante dicho trámite, RG Premier cedió su crédito y objeto de reclamación. A su vez, el cesionario vendió a Pramco CV6, LLC (Pramco) una cartera de préstamos que incluyó el préstamo hipotecario relacionado a la demanda instada por RG Premier. Posteriormente, y por falta de interés, el Tribunal de Primera Instancia dio por desistida esta causa de acción sin perjuicio, en virtud de las disposiciones de la Regla 39.1 (b) de Procedimiento Civil de 1979, *supra*. Así lo hizo constar en una sentencia emitida el 5 de diciembre de 2006.

Luego, Pramco instó en el 2008 una demanda en cobro de dinero y ejecución de hipoteca contra los recurridos ante el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico.[3] Sin embargo, en el 2009 solicitó desistir voluntariamente sin perjuicio de lo reclamado.[4] En virtud de

---

[2] El caso corresponde al Civil Núm. F CD2004-0529.

[3] Al caso se le asignó el número Civil Núm. 08-2291. Esta era la acreencia que originalmente pertenecía a RG Premier.

[4] Dicha solicitud fue al amparo de la Regla 41(a) de Procedimiento Civil Federal, *infra*. Ésta equivale al inciso (a) de la Regla 39.1 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III y su equivalente la Regla 39.1

ello, el 6 de noviembre de 2009 el tribunal federal entendió desistida sin perjuicio la demanda.

Ulteriormente, y en el caso de epígrafe, Pramco presentó el 8 de febrero de 2010 una demanda contra los recurridos por cobro de dinero y ejecución de hipoteca por la vía ordinaria. Los recurridos solicitaron su desestimación. Alegaron que Pramco presentó dos reclamaciones previas contra éstos respecto a las mismas alegaciones. Pramco se opuso a la solicitud de desestimación. Señaló que el desistimiento previo fue sin perjuicio y por orden del tribunal.

Atendidas la solicitud de desestimación y su oposición, el 17 de septiembre de 2010 el Tribunal de Primera Instancia declaró "no ha lugar" el petitorio de los recurridos para desestimar la demanda interpuesta por Pramco.

Inconforme, los recurridos acudieron ante el Tribunal de Apelaciones. Éste emitió una sentencia el 30 de marzo de 2011 en la que revocó al Tribunal de Primera Instancia y decretó la desestimación de la demanda presentada por Pramco. Aunque el foro intermedio consideró que uno de los desistimientos no fue a solicitud de Pramco, razonó que la Regla 39.1, *supra*, le impedía tramitar por tercera ocasión la misma demanda, cuando en dos ocasiones anteriores desistió de ésta. Así, concluyó que ello constituyó una adjudicación en los méritos.

_____

de las Reglas de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V.

Tras agotar esfuerzos ante el Tribunal de Apelaciones, y luego de decretado un "no ha lugar" a su solicitud de reconsideración ante dicho foro, Pramco acudió ante este Tribunal. En síntesis, cuestionó que el foro intermedio desestimó su causa de acción al revocar al Tribunal de Primera Instancia, contrario a lo dispuesto en la Regla 39.1 de Procedimiento Civil, *supra*.

El 9 de septiembre de 2011 emitimos una Resolución para que los recurridos mostraran causa por la cual no se debía revocar la sentencia emitida por el Tribunal de Apelaciones. Vencido el plazo y su prórroga, damos por sometido el recurso para su adjudicación en los méritos sin el beneficio de la comparecencia de la parte recurrida.

## II

Mediante las Reglas de Procedimiento Civil se provee una mecánica procesal expedita y sencilla para la tramitación ante los tribunales. En lo pertinente, la Regla 39.1 de dicho cuerpo legal regula lo referente a los desestimientos.[5] A estos efectos la Regla 39.1, *supra*, dispone como sigue:

---

[5]Ésta proviene de su equivalente: la Regla 41 de Procedimiento Civil Federal, Fed. R. Civ. P. 41. En lo pertinente, establece lo siguiente:

(a) Voluntary Dismissal.

(1) *By the Plaintiff.*

(A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(a) *Por el demandante; por estipulación-* Sujeto a las disposiciones de la Regla 20.5, un demandante podrá desistir de un pleito sin orden del tribunal, **(1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción solicitando sentencia sumaria, cualesquiera de éstas que se notifique primero, o** (2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito. **A menos que el aviso de desistimiento** o la estipulación expusiere lo contrario, **el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presentare un demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún Tribunal Federal o de cualquier estado de los Estados Unidos, de otro pleito basado en o que incluya la misma reclamación.**

(b) *Por orden del tribunal* – A excepción de lo dispuesto en la Regla 39.1(a), no se permitirá al demandante desistir de ningún pleito, excepto

_____

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) *Effect.* Unless the notice or stipulation states otherwise, **the dismissal is without prejudice. But if the plaintiff previously dismissed any federal -or state- court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.**

(2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice. (Énfasis nuestro.)

mediante orden del tribunal y bajo los términos y condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio. (Énfasis nuestro.)

La antes citada disposición distingue entre el desistimiento por parte del reclamante y aquel decretado por orden del tribunal. Veamos.

El inciso (a) de la Regla 39.1, *supra*, aclara las instancias en las que un demandante puede desistir de un pleito de manera voluntaria. Bajo éste es suficiente la mera presentación del aviso de desistimiento ante el tribunal. El inciso (a) de la Regla 39.1, *supra*, reconoce que el demandante puede renunciar a su demanda en cualquier momento antes de la notificación de la contestación de la parte adversa o de una moción para que se dicte sentencia sumaria. Tenorio v. Hosp. Dr. Pila, 159 D.P.R. 777, 783 (2003). Asimismo, fiscaliza aquellas circunstancias donde el desistimiento es por estipulación firmada por todos los que hayan comparecido al pleito. Bajo cualquiera de estas circunstancias, el derecho del demandante de renunciar a su reclamo es absoluto y nada le impide que pueda demandar nuevamente. Agosto v. Mun. Río Grande, 143 D.P.R. 174 (1997); De la Matta v. Carreras, 92 D.P.R. 85, 93 (1965); J. A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da Ed., Publicaciones J.T.S., 2011, Tomo III, pág. 1142.

Ahora bien, el inciso (a) de la Regla 39.1, *supra*, establece cuándo el desistimiento será con perjuicio; en cuyo caso se entenderá que hubo una adjudicación en los

méritos. Tal situación ocurre cuando el aviso de desistimiento es presentado por un demandante que ha desistido anteriormente de otro pleito basado o que incluya la misma reclamación ante el Tribunal General de Justicia, o algún tribunal federal o de cualquier estado de los Estados Unidos. Esto es lo que se conoce como la doctrina de los dos desistimientos. Ésta solamente aplica a los desistimientos hechos mediante el aviso del litigante y no por estipulación de las partes. Véase, Wright & Miller, Federal Practice and Procedure: Civil 3d, 2008, Vol. 9 secs. 2363, 2368, págs. 448, 567-570.

El propósito primario de la doctrina de los dos desistimientos es prevenir el uso irrazonable por el demandante de su derecho unilateral a desistir de una acción antes de la intervención de las demás partes. J.A. Cuevas Segarra, op. cit., págs. 1144-1145. En estos casos, el segundo desistimiento constituye una adjudicación en los méritos y es un desistimiento con perjuicio por una simple declaración de ley. De la Matta v. Carreras, *supra*, pág. 94; Véase, además, R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 5ta ed., San Juan, Ed. Lexisnexis, 2010, Sec. 3905, pág. 372.

Por otro lado, el inciso (b) de la Regla 39.1, *supra*, atiende aquellas instancias no cubiertas por el inciso (a). Agosto v. Mun. de Río Grande, *supra*, pág. 180. Es decir, cuando la parte adversa ha contestado la demanda o ha solicitado que se dicte sentencia sumaria, o cuando no se ha conseguido una estipulación de desistimiento suscrita

por todas las partes que han comparecido al pleito. Véase, Wright & Miller, op cit., sec. 2364, pág. 451. En estos casos, será necesario que el demandante presente una moción al tribunal la cual deberá notificar a todas las partes que han comparecido ante el foro para renunciar en proseguir su reclamo. Bajo este escenario, el tribunal tiene discreción judicial para finalizar el pleito e imponer las condiciones que estime pertinentes. Ello incluye que el desistimiento sea con perjuicio, lo que impediría que el demandante pueda presentar nuevamente su reclamo. Incluso puede condicionarse el desistimiento al pago de gastos y honorarios de abogado. Véase: J.A. Cuevas Segarra, op. cit., págs. 1146-1147. Por ello, a menos que la orden aceptando el desistimiento no especifique lo contrario, un desistimiento bajo el inciso (b) será sin perjuicio. De la Matta v. Carreras, supra, págs.94-95.

Como vimos el inciso (a) de la Regla 39.1, supra, permite al demandante renunciar a su reclamo unilateralmente o por estipulación con las partes que han comparecido. La doctrina de los dos desistimientos responde a la preocupación de que un litigante renuncie unilateralmente y presente su causa de acción indefinidamente por el mero hecho de que en nada afecta a aquella parte que no ha comparecido. Véase, Wright & Miller, op cit., sec. 2368, págs. 567-570.[6] Por tal razón,

_____

[6] A estos efectos se expone que:

> By its own clear terms, the "two dismissal" rule applies only when the second dismissal is

la doctrina de los dos desistimientos impide que ello ocurra al disponer que un aviso de desistimiento tendrá el efecto de adjudicación en los méritos, es decir, con perjuicio, cuando un demandante haya desistido anteriormente de otro pleito basado en o que incluya la misma reclamación ante el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de los Estados Unidos.

La doctrina del desistimiento anterior se circunscribe a los casos en que el segundo desistimiento se produce mediante aviso y no mediante estipulación. Ello pues, las partes demandadas que comparecieron pueden estipular que el desistimiento sea sin perjuicio. Tampoco procede aplicar la referida doctrina cuando el desistimiento se da en virtud del inciso (b) de la Regla 39.1, *supra*. En esta última instancia no existe la necesidad de atender la preocupación de la presentación continua de demandas. La intervención del tribunal lo hace innecesario. Éste auscultará e impondrá las condiciones que entienda necesarias para conceder el desistimiento incluyendo que se decrete el mismo con perjuicio. Véanse: J.A. Cuevas Segarra, op. cit., págs. 1144-1145; Wright & Miller, op cit., sec. 2368, págs. 567-570.

_____
by notice under Rule 41(a)(1). It does not apply to a dismissal by stipulation, nor to an involuntary dismissal, nor to a dismissal by a district court order under Rule 41(a)(2). Wright & Miller, Federal Practice and Procedure: Civil 3d, 2008, Vol. 9, sec. 2368, págs. 568-570.

III

Pramco sostiene que el Tribunal de Apelaciones erró al ordenar la desestimación de la demanda contrario a lo dispuesto en la Regla 39.1, *supra*. Arguye que no aplica la doctrina de doble desistimiento. Expone que la primera demanda presentada en el 2004 fue desistida sin perjuicio por una orden del Tribunal de Primera Instancia al amparo del inciso (b) de la Regla 39.1. Hecho que surge expresamente de la sentencia emitida el 5 de diciembre de 2006. Destaca que el pleito radicado ante el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, fue desistido sin perjuicio. Éste respondió a un *Notice for Voluntary Dismissal* a tenor con lo dispuesto en la Regla 41 (a) de Procedimiento Civil Federal, Fed. R. Civ. P. 41. Por tanto, sostiene que no aplica la doctrina de los dos desistimientos ya que uno de ellos fue por orden del tribunal. Le asiste la razón.

En el caso ante nuestra consideración es un hecho incuestionable que Pramco sólo renunció voluntariamente a su causa de acción sin la intervención del tribunal en el pleito ante el foro federal, o sea, en una sola ocasión. El referido desistimiento fue a la luz de la Regla 41 (a) de Procedimiento Civil Federal equivalente a nuestro inciso (a) de la Regla 39.1 de Procedimiento Civil, *supra*. Por el contrario, el desistimiento sin perjuicio de la demanda presentada en el 2004 no fue a solicitud de Pramco. Éste respondió a una orden judicial en virtud de lo dispuesto en el inciso (b) de la Regla 39.1 de

Procedimiento Civil, *supra*. Por tanto, en el 2004 Pramco nunca notificó su deseo de no proseguir con su reclamo de cobro de dinero. Debemos recordar que en aquel entonces Pramco advino acreedor en virtud de la compra de una cartera de préstamos. Posteriormente, Pramco solicitó el pago de su acreencia ante el foro federal y desistió de ésta para presentarla en el local. En ambas ocasiones, sin perjuicio y con conocimiento de los recurridos quienes no se opusieron. Por tanto, Pramco no renunció a reclamar su acreencia en cobro de dinero. Por ello, presentó la demanda en el 2010 para cobrar el dinero adeudado y ejecutar su garantía hipotecaria.

A la luz de lo anterior, el Tribunal de Apelaciones se equivocó al concluir que los desistimientos anteriores constituyeron una adjudicación en los méritos y disponer que Pramco no podía interponer nuevamente su reclamo.

La discusión de la norma interpretativa de la Regla 39.1 de Procedimiento Civil, *supra*, refleja que no procedía utilizar la doctrina de los dos desistimientos. Ésta solamente aplica a las situaciones contempladas en el subinciso (1) del inciso (a) de la Regla 39.1 de Procedimiento Civil, o sea, cuando una parte avisa que renuncia voluntariamente a su reclamación en una ocasión anterior. La misma no se emplea en situaciones como la de autos cuando uno de los desistimientos es por orden del tribunal al amparo del inciso (b) de la misma disposición legal.

La regla de los dos desistimientos solamente sanciona con la adjudicación en los méritos al litigante que presentó en una segunda ocasión un aviso de desistimiento en un tribunal –estatal o federal– de una reclamación que previamente había notificado su desistimiento en estos foros. Sin embargo, cuando existe una orden de desistimiento sin perjuicio emitida por orden del tribunal, el demandante puede interponer nuevamente su reclamación y avisar que renuncia a la misma sin impedimento alguno para volver a presentarla en una tercera ocasión. Ello, pues, en ningún momento previo el reclamante desistió voluntariamente de su reclamación, sino que el tribunal ordenó la misma sin perjuicio. Siendo ello así, no se entiende adjudicado en los méritos su reclamo.

IV

Por los fundamentos antes expresados, se expide el auto de *certiorari* y se revoca al Tribunal de Apelaciones. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Se dictará sentencia de conformidad.

Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pramco CV6, LLC.

    Peticionario

     v.

                     CC-2011-0405     Certiorari

José Delgado Cruz y Otros

    Recurridos

SENTENCIA

San Juan, Puerto Rico, a 26 de enero de 2012.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se expide el auto de *certiorari* y se revoca al Tribunal de Apelaciones. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo