Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| FERDINAND MALDONADO<br><br>**APELANTE**<br><br>v<br><br>WANDA MALDONADO<br>EDDIE MALDONADO<br><br>**APELADOS** | KLAN202401166 | *Apelación*<br>procedente del Tribunal<br>de Primera Instancia,<br>Sala Superior de Ponce<br><br>Caso Núm.<br>PO2024CV03231<br><br>Sobre:<br>División o Liquidación<br>de la Comunidad de<br>Bienes Hereditarios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente.

# SENTENCIA

En San Juan, Puerto Rico, a 13 de marzo de 2025.

## I.

El 27 de diciembre de 2024, el señor Ferdinand Maldonado Echevarría (el señor Maldonado Echevarría o apelante) presentó ante nos el recurso de *Apelación* solicitando que revoquemos la *Sentencia* emitida y notificada digitalmente el 27 de diciembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI o foro primario).[1] En el referido dictamen el TPI acogió las mociones presentadas por el apelante y, de los apelados, Wanda Maldonado Echevarría y Eddie Maldonado Echavarría (parte apelada) en que decretó el desistimiento del pleito y el archivo con perjuicio conforme la Regla 39.1(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1 (a) sobre el pleito de liquidación de los bienes hereditarios.

---

[1] Apéndice de la Apelación, Anejo 1, pág. 1.

El 2 de diciembre de 2024, el apelante presentó una *Moción por Derecho Propio* solicitando que su petición de desistimiento o desestimación se decretara sin perjuicio.[2]

El 2 de diciembre de 2024, el foro primario emitió una *Orden* en que resolvió "Véase Sentencia del 27 de noviembre de 2024".[3]

El 14 de enero de 2025 emitimos una *Resolución* en que le concedimos a la parte apelada hasta el 27 de febrero de 2025 para presentar su oposición.

El 29 de enero de 2025, la parte apelada presentó *Moción solicitando una prórroga* en que le concediésemos quince (15) días adicionales para presentar su oposición.

El 4 de febrero de 2025, la parte apelada presentó *Alegato* en que solicitó que se confirme la *Sentencia* emitida por el foro primario al alegadamente ser correcta en derecho.

Contando con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso de epígrafe, y, en adelante, pormenorizaremos los hechos procesales atinentes a la *Apelación*.

## II.

El caso de marras tiene su génesis el 6 de noviembre de 2024 con la presentación de la *Demanda* por derecho propio por el señor Maldonado Echevarría. En la *Demanda* el apelante informó que su madre, la señora Aracelia Echevarría Luciano (señora Echevarría Luciano), murió el 21 de octubre de 2024 en el estado de Texas y luego fue trasladada a Puerto Rico. El señor Maldonado alegó que le solicitó a la parte apelada, que son sus hermanos, que le entregase el informe de gastos de la señora Echevarría Luciano, pero la parte apelada se opuso ante dicha solicitud. Asimismo, la parte apelada no le permitía el acceso a la residencia de su madre, la señora

---

[2] Véase la Anotación Judicial Núm. 14 del expediente digital del caso en el Sistema Unificado de Manejo de Caso (SUMAC).
[3] Apéndice de la Apelación, Anejo II, pág. 2.

Echevarría Luciano. Por último, solicitó que el TPI interviniera en la herencia de la señora Echevarría Luciano y que la parte apelada le rindiese las cuentas de su madre.[4]

El 13 de noviembre de 2024, la parte apelada presentó el escrito titulado *Asumiendo Representación Legal* el cual indicó que iban a presentar una moción dispositiva debido a que el apelante no formaba parte de la comunidad hereditaria pues fue desheredado por su madre mediante testamento.[5]

Ese mismo día, la parte apelada radicó la *Moción en solicitud de desestimación* aduciendo que la señora Echevarría Luciano testó como deseaba que se dividiese su herencia. Sobre este particular, la parte apelada incluyó junto a la Moción una copia simple del testamento otorgado ante Notario, escritura número 11 del 7 de marzo de 2024 ante la notario Marggie Rodríguez Pérez. Surge del testamento que la señora Echevarría Luciano desheredó al apelante por haberla maltratado emocionalmente y por no haber arrepentimiento por parte de este. Empero, la señora Echevarría Luciano solo reconoció como sus herederos, a los apelados, Wanda Maldonado Feliciano y Eddie Maldonado Feliciano. Por ende, el apelante está vedado de recibir alguna porción en la herencia toda vez que fue debidamente desheredado. Asimismo, arguyó que la solicitud del apelante en tener acceso a las cuentas, gastos y a la residencia de la señora Echevarría Luciano es improcedente ante la desheredación. En fin, solicitó que se declarara Ha Lugar la *Moción en solicitud de desestimación.*[6]

El 14 de noviembre de 2024, el TPI emitió una *Orden* en que ordenó al apelante a presentar su oposición a la *Moción en solicitud*

---

[4] Íd., Anejo III, págs. 3-5.
[5] Íd., Anejo IV, pág. 6.
[6] Íd., Anejo V, págs. 7-25.

*de desestimación* dentro del término de veinte (20) días a partir de la notificación de la referida *Orden.*[7]

El 20 de noviembre de 2024, el apelante radicó una *Moción* por derecho propio solicitando que se desestimara el caso sin perjuicio ante el desconocimiento de que la señora Echevarría Luciano otorgó un testamento y que esta lo desheredó.[8]

El 22 de noviembre de 2024, el TPI emitió una *Orden* en que solicitó que la parte apelada debía exponer su posición dentro del termino de diez (10) días.[9]

El 25 de noviembre de 2024, la parte apelada presentó *Moción en Cumplimiento* requiriendo que la *Demanda* sea desestimada, pero con perjuicio ante la evidencia presentada en atención a la desheredación.[10]

El 27 de noviembre de 2024, el foro primario emitió una *Sentencia* en la que resolvió lo siguiente:

...

> Examinadas las mociones presentadas por las partes, este Tribunal accede a lo solicitado y decreta el desistimiento y archivo del caso con perjuicio al amparo de la Regla 39.1 (a)(1) de Procedimiento Civil.[11]

El 2 de diciembre de 2024, el señor Maldonado Echevarría presentó una *Moción* por derecho propio en que solicitó que el TPI desestimara el caso, pero sin perjuicio.[12]

El 2 de diciembre de 2024, se emitió una *Orden* en que resolvió "Véase Sentencia del 27 de noviembre de 2024".[13]

Inconforme con el dictamen, el apelado acudió ante nos con la presentación de la Apelación y señaló que el TPI incidió al cometer el siguiente error:

---

[7] Véase la Anotación Judicial Núm. 7 del expediente digital del caso en SUMAC.
[8] Apéndice de la Apelación, Anejo VIII, pág. 28.
[9] Véase la Anotación Judicial Núm. 11 del expediente digital del caso en SUMAC.
[10] Apéndice de la Apelación, Anejo X, pág. 30.
[11] Íd., Anejo I, pág. 1.
[12] Véase la Anotación Judicial Núm. 15 del expediente digital del caso en SUMAC.
[13] Apéndice de la Apelación, Anejo II, pág. 2.

> Erró el Tribunal de Primera Instancia al dictar Sentencia decretando el desistimiento y archivo del caso con perjuicio al amparo de la Regla 39.1 (a)(1) de Procedimiento Civil.

En apretada síntesis, el señor Maldonado alegó que se le privó su derecho a impugnar la desheredación o impugnar el testamento, cuando el TPI desestimó la causa de acción con perjuicio, puesto que el apelante tiene un término de dos (2) años para impugnar el testamento a partir de la muerte de la señora Echevarría Luciano. Asimismo, adujo que, de ser la desheredación inválida se le usurpó su derecho a poder ser incluido en la herencia de prevalecer en un litigio sobre la impugnación de la desheredación o de impugnación del testamento. Consecuentemente, la *Sentencia* emitida por el TPI impediría al apelante de poder instar un pleito para impugnar la desheredación o impugnó el testamento, estando en el término correspondiente para así hacerlo.

El 4 de febrero de 2025, la parte apelada radicó el *Alegato* el cual arguyó que la Regla 41 de Procedimiento Civil, *supra*, R. 41 permite en limitadas circunstancias que se decrete el desistimiento de un caso sin perjuicio. Subsiguiente, alegó que se permite el desistimiento de un caso con perjuicio cuando la causa de acción carece de fundamento legal. En esa línea, la falta de legitimación activa del apelante ha sido reconocida en el testamento tras haber sido desheredado. Además, alegó que procede la desestimación con perjuicio para evitar suscitar controversias futuras puesto que el apelado fue desheredado. Cónsono con lo anterior, la parte apelada indicó que a causa de que la desheredación fue una válida impide que nuevamente se reclame cualquier asunto relacionado a la herencia de la señora Echevarría Luciano. En fin, nos solicitó que confirmemos la *Sentencia* apelada por ser conforme a derecho.

### III.

### A.

La Regla 39.1 de Procedimiento Civil, *supra*, dispone que:

(a) Por el demandante; por estipulación. Sujeto a las disposiciones de la Regla 20.5, una parte demandante podrá desistir de un pleito sin una orden del tribunal:
(1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero, o
(2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito.
**A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente un demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.** (Énfasis nuestro).
(b) Por orden del tribunal. A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá al demandante desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.

La Regla 39.1 (a) de Procedimiento Civil, *supra*, reconoce que el demandante puede renunciar a su demanda en cualquier momento antes de la contestación de la parte adversa o de una moción para que se dicte sentencia sumaria. ***Tenorio v. Hospital Dr. Pila***, 159 D.P.R. 777, 783 (2003). El desistimiento es aquella declaración de voluntad que realiza una parte por medio de la cual anuncia su deseo de abandonar su causa de acción en el proceso en el cual se encuentra pendiente. ***Pagán Rodríguez v. Rivera Schatz***, 206 DPR 277, 285 (2021). Asimismo, "'[e]l desistimiento encarna uno de los principios básicos del proceso [civil]: el principio dispositivo según el cual el demandante tiene derecho a disponer de su acción'". ***Pagán Rodríguez v. Rivera Schatz***, supra, págs. 285-286 (citando a R. Hernández Colón, Práctica Jurídica Civil, 6ta ed. rev., San Juan, Ed. LexisNexis, 2017, pág. 414). Para dichos propósitos, la Regla 39.1 de Procedimiento Civil, supra, regula las distintas formas de desistimiento de las reclamaciones judiciales en

el ámbito civil. **Pagán Rodríguez v. Rivera Schatz**, supra, pág. 285. El derecho del demandante de renunciar a su reclamo es uno absoluto y nada le impide que pueda demandar nuevamente. **Agosto v. Mun. de Río Grande**, 143 D.P.R. 174 (1997). De presentarse el aviso de desistimiento o la estipulación de desistimiento, el desistimiento es sin perjuicio, es decir no ocurre una adjudicación en los méritos. Hernández Colón, *op.cit*, pág. 414. Por tanto, en los casos que se presenta un aviso de desistimiento, luego de haberse presentado contestación a la demanda, "el desistimiento sólo puede obtenerse con el consentimiento del Tribunal y bajo aquellas condiciones que sean justas". **De la Matta v. Carreras**, 92 DPR 85, 93 (1965). No obstante, de haber una adjudicación en los méritos el caso sería desestimado con perjuicio. **Pramco CV6, LLC v. Delgado Cruz**, 184 DPR 453, 459 (2012). Ahora bien, tal desistimiento ocurre cuando un demandado ha desistido del pleito anteriormente ante el Tribunal General de Justicia o algún tribunal federal o de cualquier estado de Estados Unidos. **Pramco CV6, LLC v. Delgado Cruz**, supra, pág. 460.

Por otro lado, el inciso (b) de la Regla 39.1 de Procedimiento Civil, *supra*, R. 39.1 (b), aplica cuando la parte adversa ha contestado la demanda, ha solicitado que se dicte sentencia sumaria, o cuando no se ha logrado una estipulación de desistimiento suscrita por las partes. **Pagán Rodríguez v. Rivera Schatz**, supra, pág. 287. Ante tal escenario, la parte demandante debe presentar una moción al tribunal, la cual deberá notificarle a todas las partes en el pleito, para así renunciar en cuanto a la continuación de este. Íd. Asimismo, "el tribunal tiene discreción judicial para terminar el litigio e imponer las condiciones que estime pertinentes; entre estas, que el desistimiento sea con perjuicio e incluso que se ordene el pago de costas y honorarios de abogado". **Pramco CV6, LLC v. Delgado Cruz**, supra, pág. 461.

**B.**

Como parte de la función de un tribunal apelativo, este no intervendrá ante la discreción del foro primario, salvo que demuestre que el TPI actuó con perjuicio o parcialidad o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial. ***Lluch v. España Service Sta.***, 117 DPR 729, 748 (1986). En lo pertinente, la discreción judicial se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." ***Banco Popular de Puerto Rico v. Gómez Alayon***, 213 DPR 314, 335 (2023). La discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del derecho. Íd. Cónsono con lo anterior, el Tribunal Supremo ha definido la discreción judicial como:

El Tribunal Supremo de Puerto Rico ha definido la discreción judicial de la siguiente forma:

> El concepto legal de la discreción no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho, sino la obligación de aplicar las reglas del conocimiento distintivo a ciertos hechos jurídicos con el objeto de mitigar los efectos adversos de la Ley, a veces diferenciando unos efectos de otros. Discreción es, pues, una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera, cuando los elementos coactivos de una Ley resultan superiores a los elementos reparadores. ***Pueblo v. Sánchez González***, 90 DPR 197, 200 (1964).

Como la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera, en la medida que el curso de acción de un tribunal en el ejercicio de su discreción para conducir los procedimientos sea irrazonable o poco sensato, en esa medida estará abusando de su discreción. ***Ramírez v. Policía de P.R.***, 158 DPR 320 (2002).

**C.**

En materia de desheredación, el Art. 1631 del Código Civil del 2020, 31 LPRA sec. 11191, dispone que:

> La desheredación es la disposición testamentaria que priva a un legitimario de su derecho a la herencia por alguna de las causas que señala este Código.

A través de este acto, se priva a un heredero forzoso de su derecho a la legítima. ***Blanco v. Sucn. Blanco Sancio***, 106 DPR 471, 478 (1977). Una de las formas de privar a un heredero es la desheredación expresa mediante testamento. ***Blanco v. Sucn. Blanco Sancio***, supra, pág. 478. El testador puede "desheredar a sus herederos forzosos en testamento y en virtud de una justa causa de las consignadas en la ley que resulte cierta y pueda probarse caso necesario". ***Blanco v. Sucn. Blanco Sancio***, supra, pág. 479. Es decir, se priva por causa grave a quien por parentesco tenía derecho a heredar una porción determinada en ley. J.R. Vélez Torres, Curso de Derecho Civil-Derecho de Sucesiones, San Juan, 1992, T. IV, Vol. III, pág. 287. La facultad para desheredar recae sobre el testador, quien deberá circunscribirse a alguna de las causales prescritas en ley. J.R. Vélez Torres, Curso de Derecho Civil-Derecho de Sucesiones, op. cit., págs. 287–288. En esa línea, el Art. 1635 del Código Civil de 2020, 31 LPRA sec. 11196, establece que, además de la indignidad, los descendientes pueden ser desheredados por las siguientes causales: (a) haber negado alimentos al testador sin motivo legítimo; (b) haber maltratado, injuriado gravemente o atentado contra la vida del testador; o (c) haber sido negligente en tomar a su cuidado al testador cuando se encontraba enfermo o sin poder valerse por sí mismo. Ahora bien, el heredero que desea impugnar la desheredación por inexistencia de causa, le corresponde demostrarla dentro del término de dos (2) años desde que se conoce la desheredación. Art. 1633 del Código Civil de 2020, 31 LPRA sec. 11193.

**IV.**

En el caso de marras, el TPI emitió una *Sentencia* la cual resolvió que procedía el desistimiento del pleito y archivo del caso con perjuicio conforme la Regla 39.1 (a) de Procedimiento Civil, *supra.*[14]

Inconforme, el apelante acude ante esta Curia solicitando que revoquemos el dictamen emitido toda vez que corresponde el desistimiento del caso sin perjuicio.

Tras un análisis objetivo, sereno y cuidadoso del expediente, resolvemos que el foro primario erró en emitir una *Sentencia* decretando el archivo del caso con perjuicio toda vez que incumplió con lo establecido en la Regla 39.1 (a) de Procedimiento Civil, *supra.* Nuestro ordenamiento procesal, así como la jurisprudencia aplicable son claros en cuanto a la discreción que tiene el foro primario de acoger o no una solicitud de desistimiento sin perjuicio luego de que la parte contraria compareció al pleito. **No obstante, la Regla 39.1 (a) de Procedimiento Civil,** *supra***, es palmaria en que si un caso se solicita el desistimiento del caso por primera vez sería sin perjuicio.** Es decir, en el caso ante nos debió ser resuelto el desistimiento, sin perjuicio, toda vez que no surge del expediente que el caso previamente fue presentado. Asimismo, el desheredar a una persona no tiene el efecto que el desistimiento de un caso sea con perjuicio. Como cuestión de umbral, conforme al derecho aplicable el TPI debió resolver que procedía el desistimiento **sin perjuicio**. Del apelante decidir presentar una acción de impugnación de la desheredación o de impugnación del testamento y prevalecer, podría presentar nuevamente la acción de división de comunidad hereditaria. De lo contrario, está impedido de hacerlo.

---

[14] Adviértase que lo que se le solicitó al foro primario fue la <u>desestimación</u>, no el <u>desistimiento</u> del caso. El TPI lo adjudicó como un desistimiento.

En vista de lo anterior, colegimos que el TPI abusó de su discreción al ordenar el archivo con perjuicio del caso. Ello implicaría que, en la eventualidad, de que el apelante decida impugnar el testamento o la desheredación judicialmente, se le privaría el querer impugnarlo dentro del término estatutario.

Por los fundamentos pormenorizados, resolvemos que el TPI cometió el error imputado tras determinar que procedía el desistimiento, con perjuicio, del caso toda vez que debió resolver que decretaba el archivo del caso sin perjuicio.

**V.**

Por los fundamentos que anteceden, revocamos la *Sentencia* apelada y se desestima, sin perjuicio, el caso.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones